Submitted on record and briefs December 3, 1997, reversed and remanded
January 7, 1998

In the Matter of Richard Lee Anderson,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## RICHARD LEE ANDERSON,
*Appellant.*

(3401; CA A96054)

949 P2d 745

Theresa M. Kohlhoff filed the brief for appellant.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and John T. Bagg, Assistant Attorney General, filed the brief for respondent.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

PER CURIAM

## PER CURIAM

An alleged mentally ill person (appellant) appeals from a civil commitment order in which the trial court found him to be mentally ill and committed him to the Mental Health and Developmental Disability Services Division for 180 days. ORS 426.005(1)(d)(a) and (b); ORS 426.135. We reverse and remand.

Appellant argues in his first assignment of error that the court erred in committing him because it failed to inform him of all of his rights. ORS 426.100(1). In particular, he asserts that the trial court did not tell him that he had the right to subpoena witnesses, ORS 426.100(1)(d), or the right to be represented by appointed counsel, ORS 426.100(1)(e). In his second assignment of error, he argues that the state did not meet its burden under ORS 426.005(1)(d)(A) and (B) to commit him.

The state concedes that the trial court failed to tell appellant that he had the right to subpoena witnesses. ORS 426.100(1)(d); *State v. Grellert*, 144 Or App 201, 925 P2d 161 (1996). We agree with the state that the court failed to fully inform appellant of his right to subpoena witnesses and, accordingly, we remand for further proceedings. In the view of our disposition, it is unnecessary to address appellant's other arguments.

Reversed and remanded.