Argued and submitted August 21, 2001, reversed June 5, 2002

In the Matter of Michael Leitschuh,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## MICHAEL LEITSCHUH,
*Appellant.*

M00-0046; A110982

47 P3d 553

Robert S. Gardner, Judge.

George W. Kelly argued the cause and filed the brief for appellant.

Katherine T. Garrett, Assistant Attorney General, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Michael C. Livingston, Assistant Attorney General.

Before Armstrong, Presiding Judge, and Kistler, Judge, and Van Hoomissen, Senior Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of his civil commitment order. He contends that the trial court erred when it failed to advise him of his rights under ORS 426.100(1). We reverse.

Appellant was being held in seclusion at the time of his scheduled mental commitment hearing. Before proceeding with the hearing, the judge visited appellant and concluded that

"the Court could, you know, have him shackled or handcuffed and brought into the hearing, but I don't think that would be consistent with his best interests, and for [me] to advise him on the record of his rights would be absolutely meaningless given his present situation."

Under ORS 426.100(1), a court must advise an allegedly mentally ill person of his or her rights, without regard to the person's mental condition:

"The court must either advise the alleged mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made."

*State v. May*, 131 Or App 570, 571, 888 P2d 14 (1994). Because the court neither advised appellant of his rights nor determined that he had knowingly and voluntarily agreed to waive being advised of them, we reverse.

Reversed.