Submitted on record and briefs November 7, reversed and remanded
December 7, 1994

In the Matter of Judith May,
aka Masters, Rocca,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

JUDITH MAY,
aka Masters, Rocca,
*Appellant.*

(9403-95759; CA A83731)

888 P2d 14

Paul L. Breed submitted the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Kristin N. Preston, Assistant Attorney General, filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Appellant, an alleged mentally ill person, appeals from a judgment of involuntary civil commitment. Because we conclude that the trial court erred in failing to advise appellant of her hearing rights, we reverse.

The state concedes that the trial court failed to explain to appellant her rights under ORS 426.100(1),[1] as required by *State v. Allison*, 129 Or App 47, 877 P2d 660 (1994). The state contends, however, that any error was waived by counsel, who made no objection at the hearing.

■■ We hold that a lawyer's failure to object, standing alone, does not constitute a waiver of the right to be advised of the rights pertaining to the conduct of a civil mental commitment hearing. Those are mandatory advisements specifically designed to ensure that the alleged mentally ill person receives the benefits of a full and fair hearing. The court must either advise the alleged mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made. Here, the court neither advised appellant nor conducted any such examination.

Reversed and remanded.

---

[1] ORS 426.100(1) provides:

"At the time the alleged mentally ill person is brought before the court, the court shall advise the person of the following:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel."