888 P.2d 15 (1994)
132 Or.App. 230
In the Matter of Charlene Tardanico, Alleged to be a Mentally Ill Person.
STATE of Oregon, Respondent,
v.
Charlene TARDANICO, Appellant.
9402-95325; CA A83206.
Court of Appeals of Oregon.
Argued and Submitted December 9, 1994.
Decided December 28, 1994.
*16 Paul L. Breed argued the cause and filed the brief, Portland, for appellant.
Stephen L. Madkour, Asst. Atty. Gen., argued the cause for respondent. With him on the brief were Theodore R. Kulongoski, Atty. Gen., and Virginia L. Linder, Sol. Gen.
Before ROSSMAN, P.J., and De MUNIZ and LEESON, JJ.
PER CURIAM.
In this mental commitment case, the trial court failed to advise appellant of her rights under ORS 426.100. As we held in State v. May, 131 Or.App. 570, 888 P.2d 14 (1994), advisement of those rights is mandatory, and a failure to advise or to determine that there has been a knowing and voluntary waiver of the right to be advised requires reversal.
The state contends that the error was not preserved in the trial court. We conclude that the error is apparent on the face of the record, ORAP 5.45(2), and that it is an egregious one. We exercise our discretion to review the error. Ailes v. Portland Meadows, Inc., 312 Or. 376, 381, 823 P.2d 956 (1991).
Reversed and remanded.