Argued and submitted September 30, reversed and remanded October 23, 1996

In the Matter of Edward Grellert,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## EDWARD GRELLERT,
*Appellant.*

(9602-61606; CA A92487)

925 P2d 161

Laura Graser argued the cause and filed the brief for appellant.

Mary H. Williams, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

**DEITS, P. J.**

An allegedly mentally ill person (appellant), appeals from a civil commitment order in which the court found him to be mentally ill and committed him for 180 days. ORS 426.135. We reverse and remand.

On appeal, appellant first argues that the trial court erred in not adequately advising him pursuant to ORS 426.100(1) of his rights relating to the commitment proceeding. ORS 426.100(1) provides:

"(1) At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel."

The trial court advised appellant of the reason that he was in court, the nature of the proceedings, the possible results of the proceedings and the right to representation. The court also told him that "[I]f you have any witnesses that you want me to hear from, I will hear any of your own witnesses." Appellant argues that the court's comment regarding appellant's witnesses did not satisfy the requirement of ORS 426.100(1)(d) that he be advised of his right to *subpoena* witnesses. We agree. The court's expression of its willingness to hear appellant's witnesses could not reasonably be understood to advise appellant that he also had available to him the ability to subpoena witnesses.

As we held in *State v. Allison*, 129 Or App 47, 877 P2d 660 (1994), the advice of rights required by ORS 426.100 is designed to ensure that allegedly mentally ill persons receive the benefit of a full and fair hearing. The court's advice of rights here was not complete and, therefore, appellant did not receive that benefit. Accordingly, we remand this case for further proceedings. In view of our disposition, it is

unnecessary to address appellant's other assignments of error.

Reversed and remanded.