Submitted on record and briefs January 3, reversed and remanded for a new trial
March 5, 1997

In the Matter of Donald Murphy,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

DONALD MURPHY,
*Appellant.*

(C960056MC; CA A94370)

934 P2d 610

Susan D. Isaacs filed the brief for appellant.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Jas. Adams, Assistant Attorney General, filed the brief for respondent.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

PER CURIAM

**PER CURIAM**

Appellant, an allegedly mentally ill person, appeals from a judgment of involuntary civil commitment. ORS 426.130(1)(b)(C). We reverse and remand.

The state concedes that the trial court's failure to explain to appellant his right to subpoena witnesses under ORS 426.100(1)[1] constitutes reversible error. *State v. Grellert*, 144 Or App 201, 203, 925 P2d 161 (1996); *see generally State v. Allison*, 129 Or App 47, 877 P2d 660 (1994), and that the failure to preserve the error is not fatal because the error is apparent on the face of the record. *State v. Tardanico*, 132 Or App 230, 231, 888 P2d 15 (1994). We accept the state's concessions and exercise our discretion to review the error. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). Accordingly, we remand this case for further proceedings.

In view of our disposition, it is unnecessary to address appellant's other assignment of error.

Reversed and remanded for a new trial.

---

[1] ORS 426.100(1) provides, in part:

"At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"* * * * *

"(d) The right to subpoena witnesses[.]"