Argued and submitted January 19, reversed August 3, 2005

In the Matter of Nathan Scharf,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## NATHAN SCHARF,
*Appellant.*

MC 030064; A123261

116 P3d 949

Kent A. Anderson argued the cause and filed the brief for appellant.

Judy Carol Lucas, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Deits, Judge pro tempore.

WOLLHEIM, P. J.

## WOLLHEIM, P. J.

Appellant seeks reversal of his civil commitment, raising two assignments of error. Because our disposition of the first assignment is dispositive, we do not consider the second assignment of error. Appellant argues that the trial court erred in not advising him of his rights under ORS 426.100(1). The state concedes that the trial court erred, and we agree with that concession. The state, however, argues that we should affirm the trial court's judgment because the error was harmless. We disagree and reverse.

In this case, the trial court excused appellant from the hearing. After that, appellant's counsel agreed to waive the advice of rights. In *State v. Burge*, 167 Or App 312, 316, 1 P3d 490 (2000), we held that the court had an independent obligation to inquire regarding the appellant's waiver and that, without an independent inquiry, counsel's waiver was ineffective. Further, the failure to advise appellant of his rights under ORS 426.100(1) was plain error. *State v. Ritzman*, 192 Or App 296, 298, 84 P3d 1129 (2004).

Nonetheless, the state argues that we should affirm because the error was harmless. The state relies on our decision in *Ritzman*, in which we concluded that the failure of the trial court to advise the appellant of her rights pursuant to ORS 426.100(1) was harmless error. We concluded that the error was harmless because the appellant had already been adequately advised of her rights through service of a "Notice of Intent to Continue Commitment" that was not only delivered and read to her but also signed by her. *Id.* at 300. As we reasoned in *Ritzman*:

> "the error is harmless because the record includes a 'Notice of Intent to Continue Commitment,' a written document *that appellant signed* when the recommitment proceeding was initiated. The advice contained in that document not only duplicated the advice that ORS 426.100(1) requires but exceeded it. The person who served the notice on appellant signed and dated the notice, attesting that the notice was not only delivered to appellant but was also read to her. *Appellant also signed and dated the notice.*"

192 Or App at 300 (emphasis added).

In this case, appellant was served with a "Citation for Commitment Hearing," signed and dated by the deputy who served it.[1] The citation contained information similar to the advice required by ORS 426.100(1). However, the citation was not, nor were any other documents, signed and dated by appellant. Even though the citation was signed and dated by the deputy who served it on appellant, without an acknowledgment from appellant that he actually read the citation, we cannot conclude that he was adequately advised of his rights as we did in *Ritzman.*

The transcript of the proceedings further supports that conclusion. In response to the court's inquiries regarding whether appellant wished to remain for the hearing, appellant responded, "No, I don't understand your french[;]" "We're under voice of the law, aren't we sir[;]" and "Que pasa? I don't f[**]king get it." In addition, appellant had no idea who his lawyer was at the hearing[2] and no witnesses were called on appellant's behalf. *See State v. Bartel-Dawson,* 176 Or App 519, 520, 31 P3d 1129 (2001) (failure of court to advise the appellant of her rights was harmless error where the appellant was served with a citation *and* the appellant was represented by experienced counsel who presented witnesses on the appellant's behalf).

Based on the facts of this case and the state's concession of error, we review the failure to provide the advice required by ORS 426.100(1) as plain error because "it is apparent on the record and the legal point is not reasonably in dispute." *Ritzman,* 192 Or App at 299. We exercise our discretion to correct this error because there is no evidence in *this* record from which we can conclude that appellant was adequately advised of his rights or that he, in fact, exercised those rights at the hearing. Therefore, we cannot conclude that the error was harmless.

Reversed.

---

[1] In addition to the citation, appellant was also served with an order for citation, an order appointing examiner, an affidavit of indigence and order appointing counsel, a report of mental health investigator, and a notice of mental illness emergency hospitalization by a physician.

[2] During the opening dialogue, appellant's attorney stated, "I'm your lawyer. My name is Mike Ryan."