269 P.3d 83 (2011)
247 Or. App. 321
In the Matter of S.J.F., Alleged to be a Mentally Ill Person.
STATE of Oregon, Respondent,
v.
S.J.F., Appellant.
5772; A141821.
Court of Appeals of Oregon, En Banc.
Argued and Submitted March 15, 2011.
Resubmitted En Banc September 9, 2011.
Decided December 21, 2011.
*85 James A. Palmer, Eugene, argued the cause and filed the brief for appellant.
Michael R. Washington, Sr., Assistant Attorney General, argued the cause for respondent. With him on the brief were John R. Kroger, Attorney General, and David B. Thompson, Interim Solicitor General.
Before BREWER, Chief Judge, and HASELTON, ARMSTRONG, WOLLHEIM, SCHUMAN, ORTEGA, SERCOMBE, DUNCAN, and NAKAMOTO, Judges.
DUNCAN, J.
This is a civil commitment case in which the trial court entered a judgment committing appellant to the Oregon Health Authority on the ground that appellant was mentally ill and unable to provide for her basic personal needs. ORS 426.130(1)(b)(C); ORS 426.005(1)(e)(B). Appellant seeks reversal of the judgment, asserting: (1) the trial court violated ORS 426.100(1),[1] which requires trial courts to provide allegedly mentally ill persons with certain information before civil commitment hearings; (2) the violation constitutes plain error, see ORAP 5.45(1); and (3) we should exercise our discretion to review the error. On de novo review, ORS 19.415 (2007),[2] we agree and, therefore, reverse.[3]
The relevant facts are few. Appellant, who has a history of mental illness, was involuntarily hospitalized on a physician's hold. ORS 426.232. After a mental health investigator determined that there was probable cause to believe that appellant was subject to civil commitment, the trial court held a civil commitment hearing. ORS 426.070. Appellant was not present for the hearing. At the beginning of the hearing, the trial court and appellant's counsel engaged in the following colloquy regarding appellant's absence:
"THE COURT: * * * [T]his is Case No. 5772. And [appellant] is represented at this hearing by her attorney * * * who was appointed to represent her. She is not present. And according to [appellant's counsel], that is at her ownwith her consent. Is that correct * * *?
"[APPELLANT'S COUNSEL]: That's correct, Your Honor. Basically, we were left with two choiceseither continue it, or proceed without her because of her currently being restrained. And after discussing the options with her, and the impacts of both, she decided that we `might as well have it today,' in her words.
"THE COURT: Alright. So, that obviously means we can dispense with the explanation to her of her procedural and due process rights. And so, we'll go straight to the State's case. [State's counsel], you can call your first witness."
Because appellant was not present, the trial court did not provide her with the information required by ORS 426.100(1). Nor did the court determine whether appellant had waived her right to be advised of that information.
As we have held, to comply with ORS 426.100(1), "a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been *86 knowingly and voluntarily made." State v. Ritzman, 192 Or.App. 296, 298, 84 P.3d 1129 (2004) (citing State v. May, 131 Or.App. 570, 571, 888 P.2d 14 (1994)). A trial court's failure to advise a person as required or to determine whether the person has waived his or her right to be so advised, "is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." Ritzman, 192 Or.App. at 298, 84 P.3d 1129 (citing State v. Tardanico, 132 Or.App. 230, 231, 888 P.2d 15 (1994)). Accordingly, we have exercised our discretion to review trial court violations of ORS 426.100(1) as plain error in numerous cases.[4]See, e.g., State v. M.T., 244 Or.App. 299, 304, 258 P.3d 1288 (2011); State v. Murphy, 146 Or.App. 772, 773, 934 P.2d 610 (1997); Tardanico, 132 Or.App. at 231, 888 P.2d 15; State v. Allison, 129 Or.App. 47, 50, 877 P.2d 660 (1994).
In Ailes v. Portland Meadows, Inc., 312 Or. 376, 382 n. 6, 823 P.2d 956 (1991), the Supreme Court stated that, "in deciding whether to exercise its discretion to consider an error of law apparent on the face of the record," a court may consider, among other factors,
"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, i.e., whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."
Considering those factors, plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice. As we have observed, a civil commitment has serious consequences. See, e.g., State v. D.R., 239 Or.App. 576, 582, 244 P.3d 916 (2010) (a "serious deprivation of liberty and social stigma * * * are attendant to a civil commitment"); State v. G.L., 238 Or.App. 546, 558, 243 P.3d 469 (2010) (civil commitment "deprives a person of his or her constitutionally protected liberty interest, and carries deleterious collateral effects, including a social stigma which affects the person's reputation and earning potential" (internal citations and quotation marks omitted)). The purpose of ORS 426.100(1) is to ensure that, before an allegedly mentally ill person suffers those consequences, he or she receives "the benefit of a full and fair hearing." Allison, 129 Or.App. at 50, 877 P.2d 660. If a court does not provide a person with all of the information required by ORS 426.100(1), the person does "not receive that benefit." State v. Grellert, 144 Or.App. 201, 203, 925 P.2d 161 (1996). Thus, as we have held, failure to provide a person with that information constitutes an "egregious" error that justifies plain error *87 review. Tardanico, 132 Or.App. at 231, 888 P.2d 15.
In this case, the state concedes that the trial court violated ORS 426.100(1) and acknowledges that we have held that a violation of ORS 426.100(1) "is not only error, but it is plain error that we exercise our discretion to consider[.]" Ritzman, 192 Or.App. at 298, 84 P.3d 1129. Nevertheless, the state argues that we should not exercise our discretion to review the error in this case because, according to the state, appellant's counsel advised appellant of the information required by ORS 426.100(1). The state asserts, "It is clear that [appellant] was advised of [her procedural and due process rights] by her attorney." As we understand it, the state's argument is that, because appellant's counsel actually advised appellant of the information required by ORS 426.100(1), the trial court's violation of ORS 426.100(1) was harmless.
The state's argument is not supported by the record. The state bases its assertion that appellant's counsel advised appellant of the information required by ORS 426.100(1) on the above-quoted colloquy between the trial court and appellant's counsel. In that colloquy, appellant's counsel referred to "two choices" that he discussed with appellant: "either to continue [the hearing], or proceed without her because of her currently being restrained." He reported that, "after discussing the options with her, and the impacts of both, she decided that we `might as well have it today[.]'" Thus, the record establishes that appellant's counsel's discussion with appellant regarding her "choices" and "options" related to whether to continue the hearing to another day or proceed with the hearing in her absence; that discussion provides no basis for finding that appellant's counsel provided appellant with all of the information required by ORS 426.100(1). There is, for example, no basis for finding that appellant's counsel advised appellant of her right to subpoena witnesses. ORS 426.100(l)(d). Given the lack of detail in the record regarding appellant's counsel's discussion with appellant, we cannot accept the state's assertion that appellant's counsel actually advised appellant of all of the information required by ORS 426.100(1).
That is important because, when determining whether a trial court's failure to provide an allegedly mentally ill person with the information required by ORS 426.100(1) is harmless, we focus on whether the appellant received all of the information from another source. Two cases illustrate our analytical approach: Ritzman, 192 Or.App. at 296, 84 P.3d 1129, and State v. Scharf, 201 Or.App. 71, 116 P.3d 949 (2005).
In Ritzman, we held that the trial court's failure to advise the appellant of the information required by ORS 426.100(1) was harmless because the appellant had received a written notice that contained all of the required information, the notice had been read to her, and she had signed and dated it. 192 Or.App. at 301-02, 84 P.3d 1129. In contrast, in Scharf, we held that the trial court's failure to advise the appellant of the information required by ORS 426.100(1) was not harmless because, although the appellant had been given a written citation that contained information similar to the required information, he had not signed or dated the citation. 201 Or.App. at 74, 116 P.3d 949. We explained that, "without an acknowledgement from appellant that he actually read the citation, we cannot conclude that he was adequately advised of his rights as we did in Ritzman." Scharf, 201 Or.App. at 74, 116 P.3d 949.
As discussed, the record in this case provides no basis for finding that appellant receivedfrom her counsel or any other sourcethe information required by ORS 426.100(1). Therefore, as in Scharf, "we cannot conclude that [appellant] was adequately advised of [her] rights," 201 Or. App. at 74, 116 P.3d 949, and the state's argument that the trial court's violation of ORS 426.100(1) was harmless is unavailing.[5]
Reversed.
*88 WOLLHEIM, J., dissenting.
Whether to exercise our discretion to review an unpreserved, but plain, error is the reason I dissent from the well-reasoned majority opinion. All too often, the Supreme Court has reminded this court that we should exercise our discretion with utmost caution. For the reasons that follow, I conclude that this is not an appropriate case for the court to exercise its discretion. Accordingly, I respectfully dissent.
Appellant contends that the trial court erred in conducting the hearing without providing her the advice of rights mandated by ORS 426.100(1). Appellant acknowledges that her claim of error is not preserved. Generally, we do not reach error that was not "preserved in the lower court and * * * assigned as error in the opening brief." ORAP 5.45(1). An exception applies when the error is plain or, in the terms of ORAP 5.45(1), "apparent on the record." The state concedes plain error but urges that this is not an appropriate case for us to exercise our discretion to correct the error because appellant has not shown how she was prejudiced by the error. In other words, the state argues that the error was harmless.
Assuming that the state's concession of plain error is appropriate, this court still must determine whether this is an appropriate case to exercise its discretion to correct the claimed error. See State v. M.T., 244 Or.App. 299, 303, 258 P.3d 1288 (2011) ("A trial court's failure to advise an allegedly mentally ill person as required by ORS 426.100(1) `is not only error, but it is plain error that we may exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing.' [State v.]. Ritzman, 192 Or.App. [296, 298, 84 P.3d 1129 (2004)]." (Brackets omitted; emphasis added)); see also State v. Fults, 343 Or. 515, 523, 173 P.3d 822 (2007) (assuming plain error and assessing only whether this court properly exercised its discretion to reach the claimed error). If the court considers an unpreserved claim of error, it must provide an express statement of the basis for the discretionary choice to consider the claim of error. Failure to do so is itself erroneous. Ailes v. Portland Meadows, Inc., 312 Or. 376, 382, 823 P.2d 956 (1991).
One factor we have considered in determining whether to exercise our discretion to reach an unpreserved claim of error regarding the trial court's failure to provide the warnings required by ORS 426.100(1) is "`whether the error was harmless.'" M.T., 244 Or.App. at 303, 258 P.3d 1288 (quoting Ritzman, 192 Or.App. at 299, 84 P.3d 1129); see also State v. Scharf, 201 Or.App. 71, 74, 116 P.3d 949 (2005) (exercising discretion to reach unpreserved claim of error after concluding that the error was not harmless). Here, the harmlessness factor is of limited help.[1] Appellant has not argued prejudice *89 nor explained how she was actually harmed by the failure of the trial court to advise appellant of her rights contained in ORS 426.100(1). Indeed, appellant's trial counsel claimed that appellant was aware of the "options" and "impacts" of continuing the case or proceeding. The discussion between appellant's counsel and the trial court indicates that appellant received some of the advice required by ORS 426.100(1). The discussion between trial counsel and the trial court led the trial court to conclude that "that obviously means we can dispense with the explanation to her of her procedural and due process rights." Trial counsel did not object.
But our decision whether to exercise our discretion is not dependent on whether appellant received all the advice of rights required by ORS 426.100(1). In determining whether to exercise our discretion to consider an unpreserved claim of error, this court must take a multifactorial approach. For example, in Ailes, the Supreme Court instructed this court of some of the nonexclusive factors this court must consider in deciding whether to exercise our discretion:
"the competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, i.e., whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error."
312 Or. at 382 n. 6, 823 P.2d 956.
More recently, the Supreme Court has discussed additional relevant factors that this court must consider before exercising our discretion to correct unpreserved plain error. For example, in Fults, 343 Or. at 523, 173 P.3d 822, the court held that we had abused our discretion in reaching the defendant's claim of unpreserved error. We had concluded that the trial court plainly erred and exercised our discretion to correct that error, explaining that "`[t]he state has no valid interest in requiring defendant to serve an unlawful sentence.'" Id. at 521, 173 P.3d 822 (quoting State v. Fults, 210 Or.App. 150, 149 P.3d 1248 (2006) (emphasis omitted)). Concluding that we had abused our discretion in reaching the defendant's unpreserved claim of error, the Supreme Court explained that
"other factors also must be considered and may outweigh that one. Among the factors that may apply in this case are: (1) defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month probationary sentence; (3) the possibility that [the] defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error."
Fults, 343 Or. at 523, 173 P.3d 822.
Although this case does not involve the same strategic choice that occurred in Fults, we note that, during oral argument on appeal, appellant's counsel conceded that appellant's trial counsel came extremely close to inviting the trial court's alleged error. Because the record in this case does not necessarily involve invited error, but rather "permits the conclusion that [appellant's] failure to object was a conscious choice," Id., one of the factors described in Fults is helpful, viz., appellant's apparent encouragement of the judge's choice.
Other factors from Ailes include the competing interests of the parties, the gravity of the error, and whether the policies behind the general rule requiring preservation of error have been served in this case in another way. 312 Or. at 382 n. 6, 823 P.2d 956. Considering those additional factors, the record demonstrates that appellant's counsel encouraged the court to proceed with the hearing. The trial court understood that encouragement to mean that "we can dispense with the explanation to [appellant] of her procedural and due process rights." In this case, the encouragement by appellant's counsel of the trial court's choice militates against exercising our discretion to consider this unpreserved plain error.[2]
*90 Moreover, consideration of the interests of the parties counsels against exercising our discretion. The indications in the record that appellant was, in fact, advised of some of her rights suggest that the gravity of the unpreserved claim of error is slight. Cf. Ritzman, 192 Or.App. at 300-01, 84 P.3d 1129 (court's failure to advise allegedly mentally ill person of rights under ORS 426.100(1) was harmless where documentary evidence established that she was read those rights). Indeed, appellant does not argue that she was actually prejudiced by the trial court's error in this case.
One purpose of the preservation requirement is to allow the trial court to correct its error in the first instance. Peeples v. Lampert, 345 Or. 209, 219, 191 P.3d 637 (2008). That purpose would be undermined if we were to reach appellant's claim of error here, after appellant encouraged the trial court to take the course of conduct that it did. Accordingly, I would decline to exercise the court's discretion to reach appellant's first assignment of error, which was not preserved.
The majority relies on Ritzman, 192 Or. App. 296, 84 P.3d 1129, and State v. Allison, 129 Or.App. 47, 877 P.2d 660 (1994). In Ritzman, we held that it was error when the trial court failed to advise the appellant of her rights, but we concluded that the error was harmless because the record included a written document that the appellant signed when the recommitment proceeding was initiated. 192 Or.App. at 299-301, 84 P.3d 1129. In Allison, we reversed the trial court where the appellant's trial counsel stipulated to the commitment and there was no discussion of the appellant's advice of rights under ORS 426.100(1). 129 Or.App. at 50, 877 P.2d 660. However, Ritzman and Allison fail to contain any discussion of why we exercised our discretion to review the unpreserved challenge. Under these circumstances, those cases do not control here. Before reaching the unpreserved plain error, we must decide to exercise our discretion, and we must explain why we are exercising that discretion. Under the circumstances in this case, it is not appropriate for the court to exercise its discretion and reach the unpreserved plain error.[3]
Because I would conclude that this court should not exercise its discretion to review the unpreserved error, I respectfully dissent.
NAKAMOTO, J., joins in this dissent.
NOTES
[1] ORS 426.100 provides, in part:

"(1) At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:
"(a) The reason for being brought before the court;
"(b) The nature of the proceedings;
"(c) The possible results of the proceedings;
"(d) The right to subpoena witnesses; and
"(e) The person's rights regarding representation by or appointment of counsel."
[2] ORS 19.415 was amended by Senate Bill 262 (2009). Or. Laws 2009, ch. 231, §§ 2-3. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Because the notice of appeal in this case was filed before that date, the amendments do not apply.
[3] In addition to asserting that the trial court erred by violating ORS 426.100(1), appellant asserts that the trial court erred in concluding that the state had presented sufficient evidence that she was unable to provide for her basic personal needs. Because we accept appellant's argument regarding the trial court's violation of ORS 426.100(1), we do not address her argument regarding the sufficiency of the evidence.
[4] Indeed, we have reviewed a violation of ORS 426.100 as plain error even when the appellant did not assign error to the violation but the state acknowledged it. State v. Russ, 161 Or.App. 660, 661, 987 P.2d 529 (1999).

We have also held that failure to object to a trial court's violation of ORS 426.100(1) does not constitute a waiver that would preclude reversal. See, e.g., May, 131 Or.App. at 571, 888 P.2d 14. In May, the appellant challenged the trial court's failure to provide the information required by ORS 426.100(1); the state conceded that the trial court's failure was plain error, but argued that any error was waived by the appellant's trial counsel. We rejected that argument, explaining:
"We hold that a lawyer's failure to object, standing alone, does not constitute a waiver of the right to be advised of the rights pertaining to the conduct of a civil mental commitment hearing. Those are mandatory advisements specifically designed to ensure that the alleged mentally ill person receives the benefits of a full and fair hearing. The court must either advise the alleged mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made. Here, the court neither advised appellant nor conducted any such examination."
Id. at 571, 888 P.2d 14; see also State v. Burge, 167 Or.App. 312, 316, 1 P.3d 490 (2000) (counsel's ostensible waiver of allegedly mentally ill person's right to be advised of the information required by ORS 426.100(1) did not relieve the trial court of its obligation to either provide the required information or conduct an examination on the record to determine whether the waiver was knowing and voluntary).
[5] The dissent contends that the trial court's violation of ORS 426.100(1) was harmless because "appellant received some of the advice required by ORS 426.100(1)." 270 Or.App. at 330, 269 P.3d at 89 (Wollheim, J., dissenting). The dissent's test for harmlessness is inconsistent with Scharf, in which we held that, although the appellant had received some of the information required by ORS 426.100(1), the trial court's violation of ORS 426.100(1) was not harmless.

The dissent also suggests that we should not review the trial court's violation of ORS 426.100(1) as plain error because counsel "encouraged" the error. 247 Or.App. at 331, 269 P.3d at 89 (Wollheim, J., dissenting). The dissent's view is not supported by the record. Appellant's counsel did not encourage the trial court to violate ORS 426.100(1); he did not urge or even suggest that the trial court violate the statute. He simply failed to object when the trial court announced its intended course of conduct, and a failure to object is a predicate tonot a bar toplain error review.
The dissent erroneously equates appellant's counsel's failure to object with encouraging or inviting error. That equation is incompatible with our authority to review plain errors. If, as the dissent suggests, failing to object constitutes encouraging or inviting an error, then we could decline to review all plain errors on the ground that, by remaining silent in the face of the error, the appellant invited or encouraged the error. That is incorrect. Indeed, we have reviewed a trial court's violation of ORS 426.100(1) when, in the trial court, the appellant was represented by counsel who said nothing when the trial court proceeded without advising the appellant of the required information or determining whether the appellant waived his right to be so advised. Allison, 129 Or.App. at 50, 877 P.2d 660; see also Burge, 167 Or.App. at 312, 1 P.3d 490; May, 131 Or.App. at 571, 888 P.2d 14.
[1] Some of our cases imply that the failure to provide the appellant with the advice of rights is per se harmful. Nonetheless, this court must explain why it exercises its discretion to reach unpreserved plain error. If an appellant demonstrates why the failure to provide the required advice of rights harms the appellant, that would be a factor the court could consider in deciding to exercise its discretion to review the unpreserved plain error.
[2] One of the reasons not to reach unpreserved error is that it is important to allow the trial court the opportunity to correct any error. State v. Wyatt, 331 Or. 335, 343, 15 P.3d 22 (2000). Here, the trial court would be surprised by appellant's argument on appeal, and it would have been easy for the court to correct this error.
[3] Because I would affirm on appellant's first assignment of error, I would also reach her second assignment of error: that the state did not carry its burden to show she is mentally ill because she is unable to meet her basic needs under ORS 426.005(1)(e)(B). Based on the evidence in the record, I would conclude that the state proved by clear and convincing evidence that appellant was unable to meet her basic personal needs due to a mental disorder. State v. Cunningham, 190 Or.App. 202, 210, 78 P.3d 125 (2003) (the state has the burden of proving, by clear and convincing evidence, that the person "would likely not survive in the near future because that person is unable to provide for [her] basic needs due to a mental disorder and that person is not otherwise receiving the care necessary for health and safety").