Submitted June 7, reversed July 31, 2013

In the Matter of Q. N.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

Q. N.,
*Appellant.*

Multnomah County Circuit Court
120970205; A152621

307 P3d 569

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Karla H. Ferrall, Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of a judgment committing him as a mentally ill person, for a period not to exceed 180 days, on the grounds that, due to a mental disorder, he is dangerous to others and unable to provide for his basic personal needs. ORS 426.005(1)(e). In his first assignment of error, appellant contends that the trial court erred in failing to advise him of the possible results of the proceedings, as required by ORS 426.100(1)(c),[1] and that we should exercise our discretion to correct the error as plain error. *See* ORAP 5.45(1) (court has discretion to correct an error of law apparent on the record). In a second assignment of error, appellant contends that the evidence is insufficient to support involuntary commitment.

The state concedes that the trial court committed reversable error in not advising appellant of the potential consequences of the proceeding. We agree. As we have previously held, "to comply with ORS 426.100(1), a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made." *State v. S. J. F.*, 247 Or App 321, 324, 269 P3d 83 (2011) (internal quotation marks omitted). Neither of those circumstances occurred here. Moreover, a trial court's failure to so advise or examine the mentally ill person is plain error, which we have exercised our discretion to correct. *Id*; *see also id.* at 325 (explaining that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice"). For the reasons expressed in *S. J. F.*, we exercise our discretion to correct the error in this case as well. Because we reverse

---

[1] ORS 426.100(1) provides, in part:

"At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"*****

"(c) The possible results of the proceedings[.]"

the judgment on that basis, we do not address appellant's second assignment of error.

Reversed.