Submitted June 6, reversed August 6, 2014

In the Matter of C. M. W.,
Alleged to be a Mentally Ill Person.

## STATE OF OREGON,
*Respondent,*

*v.*

## C. M. W.,
*Appellant.*

Washington County Circuit Court
C130011MC; A153934

333 P3d 1079

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Judge, and Tookey, Judge.

PER CURIAM

## PER CURIAM

Appellant seeks reversal of the trial court's judgment committing him for a period not to exceed 180 days. ORS 426.130. He contends that the trial court committed plain error when it failed to advise him of the possible results of the proceeding as required under ORS 426.100(1)(c). *See* ORAP 5.45(1). The state concedes that the trial court plainly erred "by not adequately advising appellant of the possible results of the commitment hearing" and that that error "requires reversal." *See State v. S. J. F.*, 247 Or App 321, 326, 269 P3d 83 (2011) (a violation of ORS 426.100(1) "constitutes an 'egregious' error that justifies plain error review" (quoting *State v. Tardanico*, 132 Or App 230, 231, 888 P2d 15 (1994))); *State v. M. T.*, 244 Or App 299, 306, 258 P3d 1288 (2011) (trial court's plain error in failing to advise the appellant of the possible results of a commitment hearing was not harmless). We agree, accept the state's concession, and reverse.[1]

Reversed.

---

[1] Because we reverse the judgment on that basis, we do not address appellant's other assignment of error.