Argued and submitted July 8, 2013, reversed August 13, 2014

In the Matter of V. B.,
Alleged to be a Mentally Ill Person.

STATE OF OREGON,
*Respondent,*

*v.*

V. B.,
*Appellant.*

Jackson County Circuit Court
11074MC; A148684

333 P3d 1000

James A. Palmer argued the cause and filed the brief for appellant.

Erin C. Lagesen, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

WOLLHEIM, J.

## WOLLHEIM, J.

Appellant seeks reversal of an order of involuntary commitment for a period not to exceed 180 days. ORS 426.130. Among other contentions, appellant asserts, in an unpreserved assignment, that (1) the trial court erred in failing to advise her of the right to subpoena witnesses, as required by ORS 426.100(1) (2009), *amended by* Oregon Laws 2013, chapter 360, section 24[1]; (2) the violation constitutes plain error, *see* ORAP 5.45(1); and (3) we should exercise our discretion to review the error. We conclude that the trial court committed plain error in failing to advise appellant of her right to subpoena witnesses as required by ORS 426.100(1)(d), and we exercise our discretion to correct the error. We reverse and, accordingly, do not address appellant's remaining assignments of error.

The relevant facts are procedural and undisputed. Appellant appeared before the trial court for a civil commitment hearing, represented by counsel. At the beginning of the hearing, and in the midst of continual interruptions from appellant, the trial court advised appellant of the following:

> "We're having a hearing today about you, and the question for me to decide after hearing the evidence is if you have a mental illness that poses a threat to yourself or to others. And in between there is the question * * * if you have a mental illness and pose a threat to yourself or others, would you be willing to cooperate in your treatment. And if I find that you are willing to cooperate in your treatment, we can take an alternate route other than commit you to the care and custody of the Department of Human Services for a period of 180 days."

The trial court, through the interruptions, also explained to appellant that appellant had the right to give testimony during the hearing. After a few more interruptions, the trial court indicated it was done advising appellant, and the commitment hearing began. After hearing the evidence, the trial court found that appellant suffered from a mental illness and ordered appellant be committed for a period not to exceed 180 days.

---

[1] Throughout the remainder of this opinion, all references to ORS 426.100(1) are to the 2009 version, which was in effect at the time of the hearing.

Appellant argues that the trial court committed reversible plain error in failing to advise her of the information listed in ORS 426.100(1). That statute provides:

"At the time the allegedly mentally ill person is brought before the court, the court shall advise the person of the following:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel."

Appellant acknowledges that the alleged error was not preserved, but argues that, under our case law, the trial court's failure to advise appellant of all of her rights under ORS 426.100(1) was plain error. Appellant is correct. The failure to "provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review." *State v. M. L. R.*, 256 Or App 566, 570-71, 303 P3d 954 (2013).

The state argues that the trial court's error was nonetheless harmless, because appellant was represented by counsel and, therefore, she did not need to be advised of her right to counsel under ORS 426.100(1)(e).[2] Furthermore, the state argues, because appellant was represented by counsel, and counsel, not appellant, would have issued any subpoenas, the right to subpoena witnesses was not a right of which appellant must have been personally informed under ORS 426.100(1)(d).

We need not decide whether the trial court's failure to advise appellant of the right to counsel was harmless error, because, in any event, the court's failure to inform her of the right to subpoena witnesses was not harmless error. The state's argument is, in effect, that as long as a person has counsel, there is no need to advise the person of the

---

[2] The state also argues that the court adequately advised appellant of her rights. We reject that argument without further discussion.

right to subpoena witnesses. But the fact that appellant was represented by counsel does not render harmless the failure to give the information required by ORS 426.100(1) if the record does not provide a basis for finding that appellant's counsel provided her with that information. *See State v. S. J. F.*, 247 Or App 321, 327, 269 P3d 83 (2011). The state's argument contradicts the statutory requirement that the court shall advise the person of the information that the legislature deemed necessary to ensure a full and fair hearing. *State v. Allison*, 129 Or App 47, 50, 877 P2d 660 (1994) ("Whether or not appellant is represented by counsel, the court must inform appellant of the nature and possible outcome of the proceedings."). Furthermore, there is nothing in the record to permit a finding that appellant's counsel gave appellant the information required by ORS 426.100(1). The trial court's failure to advise appellant of the right to subpoena witnesses was not harmless error. *See M. L. R.*, 256 Or App at 572.

The state argues, in the alternative, that appellant invited any error, because appellant's continual interruptions "prevented the court from fully describing [the rights under ORS 426.100(1)]." Assuming that the doctrine of invited error applies in this context, *see S. J. F.*, 247 Or App at 331 (Wollheim, J., dissenting), there is no indication in this record that the court was prevented, despite appellant's interruptions, from fully describing the information required in ORS 426.100(1).

We conclude that the failure to advise appellant of the right to subpoena witnesses was plain and not harmless error. We exercise our discretion to correct that error because ORS 426.100(1) requires that the trial court to advise the allegedly mentally ill person of her statutory rights and the failure to do so constitutes an egregious error that justifies plain error review. *M. L. R.*, 256 Or App at 570-71.

Reversed.