Submitted July 15, reversed August 13, appellant's petition for reconsideration filed August 21 allowed by opinion October 29, 2014
See 266 Or App 708, 338 P3d 802 (2014)

In the Matter of Z. A. B.,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

Z. A. B.,
*Appellant.*

Deschutes County Circuit Court
14MH0001; A156148

334 P3d 480

■■■■■■■■■■■■

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael R. Salvas, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Tookey, Judge, and Edmonds, Senior Judge.

PER CURIAM

■■■■■■

Lagesen, P. J., concurring.

## PER CURIAM

Appellant seeks reversal of a judgment committing him for a period not to exceed 180 days pursuant to ORS 426.130. Appellant argues, among other contentions, that the trial court plainly erred by failing to advise him of the right to subpoena witnesses under ORS 426.100(1)(d). *See State v. M. L. R.*, 256 Or App 566, 570-71, 303 P3d 954 (2013) (failure to inform a person of the right to subpoena witnesses constitutes plain error warranting reversal); *State v. Grellert*, 144 Or App 201, 203, 925 P2d 161 (1996) (trial court erred when it advised the appellant that it would "hear" the allegedly mentally ill person's witnesses, but did not advise the person of the right to "subpoena" witnesses). Appellant acknowledges that the trial court told him that he had "the right to call [his] own witnesses," but asserts that that statement did not inform him that he had the right to compulsory process. The state concedes that, under our case law, the trial court "committed plain error by failing to precisely advise appellant of that right" to subpoena witnesses. We accept the state's concession that the failure to advise appellant of the right to subpoena witnesses constitutes plain error and, for the reasons set forth in *M. L. R.*, exercise our discretion to correct the error. *See also State v. V. B.*, 264 Or App 621, 623-24, 333 P3d 1100 (2014) (rejecting the state's argument that failure to advise the appellant of her right to subpoena witnesses was harmless because she was represented by counsel, and exercising discretion to correct the trial court's plain error).

Reversed.

**LAGESEN, P. J.,** concurring.

I concur in the disposition of this appeal on the ground that our precedent dictates the result that we reach. I write separately for two reasons: (1) to clarify the nature of the trial court's error in this case, so that similar errors can be avoided in the future; and (2) to ensure that our dispositions in this case and those similar to it do not inadvertently result in allegedly mentally ill persons receiving less helpful information about their rights than that provided by the trial court in this instance.

As noted, the trial court told appellant, "[Y]ou have the right to call your own witnesses." As I understand our precedent, we have deemed that advice inadequate under ORS 426.100(1)(d) because it does not convey the scope of the subpoena power. That is, advice that a person can "call" witnesses does not convey the right to have the court *order* the attendance and testimony of material witnesses. For that reason, we have concluded (and the state often has conceded) that that advice, or advice similar to it, does not satisfy ORS 426.100(1)(d). *See State v. Grellert*, 144 Or App 201, 203, 925 P2d 161 (1996); Respondent's Answering Brief at 2-3, *State v. B. H.*, 264 Or App 186, 329 P3d 813 (2014) (No. CA A 155874) (conceding that advice that person could "call" witnesses did not inform person of right to subpoena witnesses); *B. H.*, 264 Or App at 187 (accepting concession); Respondent's Answering Brief at 2, *State v. T. N.*, 262 Or App 499, 323 P3d 997 (2014) (No. CA A 155433) (conceding that advice that person had right to have witnesses "testify" did not inform person of right to subpoena witnesses); *T. N.*, 262 Or App at 500 (accepting concession).

That brings me to my second point. I question the extent to which the word "subpoena" conveys useful information to persons without legal training. I also have little doubt that the trial court here employed the word "call" instead of "subpoena" in order to convey appellant's rights to him in an understandable form. Indeed, in explaining the civil commitment process, the guidebook on mental health law prepared by Disability Rights Oregon states, "You can testify, and have the right to call witnesses," without using the word "subpoena." Disability Rights Oregon, *Mental Health Law in Oregon* 27 (4th ed 2012).[1] That suggests to me that the word "subpoena" may not be one that is easily understood by laypersons and thus, as a practical matter, may not provide particularly useful information to allegedly mentally ill persons regarding their rights with respect to presenting witnesses.

Our cases certainly permit a trial court to satisfy the requirements of ORS 426.100(1)(d) by employing the

---

[1] Available at http://www.droregon.org/resources/5-publications-1/mental-health/mental-health-law-in-oregon-english (last visited August 7, 2014).

statutory wording to advise an allegedly mentally ill person of the procedural rights to which he or she is entitled, including the word "subpoena." However, I do not understand our precedent or ORS 426.100(1)(d) to *preclude* a trial court from using words other than "subpoena" to communicate the right to compulsory process. Instead, what is required is a statement that informs the allegedly mentally ill person of the right to present witnesses, and to secure witnesses' attendance and testimony through court order. Our decision in this case should not deter trial courts from explaining a person's right to subpoena witnesses in understandable terms.

I concur.