PER CURIAM
*786 Appellant seeks reversal of an order committing him to the custody of the Oregon Health Authority for a period not to exceed 180 days. See ORS 426.130. In his sole assignment of error, appellant contends that the trial court plainly erred when it failed to advise him as required by ORS 426.100(1). In response, the state concedes that the trial court plainly erred and that the order of commitment should be reversed. See State v. M. M. , 288 Or. App. 111, 116, 405 P.3d 192 (2017) (holding that "the trial court's failure to advise appellant of all of the possible results of the proceedings was plain error"); State v. Z. A. B. , 264 Or. App. 779, 780, 334 P.3d 480, adh'd to as modified on recons. , 266 Or. App. 708, 338 P.3d 802 (2014) (failure to inform a person of the right to subpoena witnesses constitutes plain error). We agree that the error is plain and we exercise our discretion to correct the error for the reasons stated in State v. S. J. F. , 247 Or. App. 321, 325, 269 P.3d 83 (2011) ("[P]lain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice."). Consequently, we reverse the order.
Reversed.