***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted July 14, reversed November 1, 2023

In the Matter of J. L. L.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. L. L.,
*Appellant.*

Marion County Circuit Court
22CC06499; A180155

Jennifer J. Brown, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the briefs for appellant.

No appearance by respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

In accordance with *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), and ORAP 5.90, appellant appeals a judgment civilly committing him on the ground that he is unable to provide for his basic needs.[1] Following the submission of the opening brief, we requested supplemental briefing under ORAP 5.90(3) on the question whether, in light of *State v. S. J. F.*, 247 Or App 321, 269 P3d 83 (2011), and *State v. D. B.*, 167 Or App 312, 1 P3d 490 (2000), the trial court plainly erred in determining that appellant validly waived the right to be advised of his rights. Appellant submitted a supplemental brief; the state did not. Having considered our case law, the arguments in appellant's supplemental brief, and the record, we reverse.

Under our case law, "to comply with ORS 426.100(1), a trial court in a civil commitment proceeding must either advise the allegedly mentally ill person directly regarding those rights or conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made." *S. J. F.*, 247 Or App at 324 (internal quotation marks omitted). The court's obligation to provide the advice required by ORS 426.100(1) or conduct an on-the-record assessment of whether a person knowingly and voluntarily waived the right to be advised applies even when the allegedly mentally ill person is not present at the commitment hearing. *See id.* at 324 (applying rule in case where civil committee was not present at hearing). Further, "[a] trial court's failure to advise a person as required or to determine whether the person has waived his or her right to be so advised, is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." *Id.* (internal quotation marks omitted).

In view of *S. J. F.*, the trial court plainly erred by proceeding without advising appellant in the manner required by ORS 426.100 or determining whether appellant

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel. *See, e.g.*, *State v. Yother*, 310 Or App 563, 484 P3d 1098 (2021) (deciding matter submitted through *Balfour* process by two-judge panel); *Ballinger v. Nooth*, 254 Or App 402, 295 P3d 115 (2012), *rev den*, 353 Or 747 (2013) (same).

knowingly and voluntarily waived his right to receive that advice. As we have in other cases, we exercise our discretion to correct that error for comparable reasons. *See id.* at 324-26 (citing cases). In that regard, we note that, as was the case in *S. J. F.*, there is no basis to conclude that appellant was adequately advised of his rights, something that precludes us from concluding that any error is harmless. Although appellant's counsel represented that counsel provided appellant with much of the advice required under ORS 426.100(1), counsel did not state that appellant had been advised about conditional release, something we have held is required. *State v. M. M.*, 288 Or App 111, 115-16, 405 P3d 192 (2017) (concluding that ORS 426.100(1) requires that potential committee be advised about possibility of conditional release).

One other point bears mentioning. The trial court asked appellant's counsel if counsel was "waiving the ability to raise that particular issue [regarding the advice required under ORS 426.100] if this case were to be appealed." Counsel answered "yes" to that question. The trial court then decided to proceed, stating that "[w]ith that waiver, I'm prepared to move forward today in [appellant's] absence since it is a knowing, voluntary waiver by counsel."

That counsel purported to waive appellant's ability to challenge the court's failure to comply with ORS 426.100 does not persuade us that we should decline to exercise our discretion here. For one, under our case law, it is the potential committee who must knowingly and voluntarily waive rights, not the committee's counsel, and our case law requires an examination of the individual, not the individual's lawyer: "That is, when faced with counsel's ostensible waiver of the advice of rights, the court had an independent obligation to inquire *of appellant* as to the voluntariness of the purported waiver." *D. B.*, 167 Or App at 316 (emphasis added).

Moreover, even if it were permissible for counsel, rather than the individual, to waive the right to appeal on the issue of the failure to provide the advice of rights (as distinct from waiving the advice of rights itself), we are not convinced to overlook the trial court's error based on the

purported waiver of the right to appeal on the issue. That is because, at the time of the purported waiver, counsel had not yet advised appellant of his right to appeal; in describing the advice provided to appellant, counsel stated "I haven't advised him of his right to an appeal." Under those circumstances, we are unpersuaded that appellant validly waived his right to challenge on appeal the court's failure to provide the advice required by ORS 426.100, or that the purported waiver should stand in the way of our correction of what we have long described as "egregious" error. *See S. J. F.*, 247 Or App at 326 (quotation marks omitted).

Reversed.