Submitted May 8, reversed June 10, 2015

In the Matter of R. D. S.,
Alleged to be a Person with Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

R. D. S.,
*Appellant.*

Washington County Circuit Court
C140001MC; A156197

352 P3d 84

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Michael S. Shin, Senior Assistant Attorney General, filed the brief for respondent.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

PER CURIAM

## PER CURIAM

Appellant in this mental commitment case appeals a judgment committing him to the Mental Health Division for treatment for a period of time not to exceed 180 days. The trial court found that appellant suffers from a mental disorder and is dangerous to others. On appeal, appellant argues, among other things, that the trial court erred in failing to advise him of his right to subpoena witnesses, as required by ORS 426.100(1). The state concedes that the trial court erred but argues that appellant failed to preserve the error and that we should decline to exercise our discretion to review for plain error because appellant invited the error. The state also posits that any error was harmless because the record reflects that appellant was aware of his right to subpoena witnesses and, consequently, that we should not exercise our discretion to review for plain error.

We reject both of the state's assertions. To comply with ORS 426.100(1), "a trial court in a civil commitment proceeding must * * * advise the allegedly mentally ill person directly regarding [the] rights [guaranteed by ORS 426.100]." *State v. Ritzman*, 192 Or App 296, 298, 84 P3d 1129 (2004) (citing *State v. May*, 131 Or App 570, 571, 888 P2d 14 (1994)). A trial court's failure to advise a person as required "is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." *Id.* That is the case even when an appellant invites the error. *See, e.g., State v. S. J. F.*, 247 Or App 321, 269 P3d 83 (2011) (exercising discretion to review trial court violation of ORS 426.100(1) as plain error when appellant told her attorney that the trial court "might as well" hold the commitment hearing without her).

When determining whether a trial court's failure to provide an allegedly mentally ill person with the information required by ORS 426.100(1) is harmless, we focus on whether the appellant received the required information from another source. *S. J. F.*, 247 Or App at 327. Here, the record shows that appellant's counsel asked the trial court for additional time to interview witnesses even though counsel was unsure that "interviewing those witnesses

will result in [his] deciding to subpoena them." While that statement shows that appellant's counsel was aware that appellant had a right to subpoena witnesses, it does not show that *appellant* was aware that he had that right. In the absence of further evidence that appellant's counsel had informed appellant of his right to subpoena witnesses, we cannot accept the state's assertion that appellant's counsel had done that. In sum, we conclude that the trial court erred in failing to inform appellant of his rights under ORS 426.100(1), that the error constitutes plain error, and that we should exercise our discretion to review it.

Reversed.