Submitted January 8, reversed February 24, 2016

In the Matter of B. O.,
a Person alleged to have a Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

B. O.,
*Appellant.*

Washington County Circuit Court
C150025MC; A159707

368 P3d 82

Jed Peterson and O'Connor Weber LLP filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Paul L. Smith, Deputy Solicitor General, and Inge D. Wells, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

PER CURIAM

**PER CURIAM**

Appellant in this mental commitment case appeals a judgment committing her to the custody of the Mental Health Division for a period not to exceed 180 days. ORS 426.130. The trial court found that appellant suffers from a mental disorder and is dangerous to herself and unable to provide for her basic personal needs. On appeal, appellant contends that the trial court committed plain error when it failed to advise her of her right to subpoena witnesses as required by ORS 426.100(1).[1] The state concedes that the court's failure constitutes plain error. We agree and accept the state's concession. *See State v. R. D. S.*, 271 Or App 687, 688, 352 P3d 84 (2015) ("A trial court's failure to advise a person as required is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve it at the hearing." (Internal quotation marks omitted.)); *State v. Z. A. B.*, 264 Or App 779, 780, 334 P3d 480, *adh'd to as modified on recons*, 266 Or App 708, 338 P3d 802 (2014) (failure to advise of right to subpoena witnesses alone constitutes plain error justifying reversal); *State v. M. L. R.*, 256 Or App 566, 570-72, 303 P3d 954 (2013) (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" and exercising discretion to correct the plain error (internal quotation marks omitted)). Furthermore, for the reasons set forth in *M. L. R.*, we exercise our discretion to correct the error. *See also R. D. S.*, 271 Or App at 688-89 (exercising discretion to correct plain error in failing to advise the appellant of her right to subpoena witnesses where, although the record showed that counsel was aware of the appellant's right to subpoena witnesses, it did not show that counsel had informed her of that right); *State v. V. B.*, 264 Or App 621, 623, 333 P3d 1100 (2014) (rejecting the state's argument that the failure to advise the appellant of her right to subpoena witnesses was harmless because she was represented by counsel, and exercising discretion to correct the trial court's plain error).

Reversed.

---

[1] Pursuant to ORS 426.100(1), the court shall advise the person alleged to have a mental illness of, among other things, "[t]he right to subpoena witnesses."