Submitted December 19, 2016, reversed February 8, 2017

In the Matter of C. J. C.,
a Person Alleged to have a Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

## C. J. C.,
*Appellant.*

### Jackson County Circuit Court
16CC04391; A162855

388 P3d 1249

Joseph DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Appellant in this civil commitment case appeals an order by the trial court finding her to be a person with a mental illness and committing her to the custody of the Mental Health Division for a period not to exceed 180 days. *See* ORS 426.130; ORS 426.005(1)(f). On appeal, in her first assignment of error, appellant contends that the trial court plainly erred when it failed to advise her of her rights in accordance with ORS 426.100(1).[1] The state concedes that the court's failure constitutes plain error and requires reversal. We agree, and accept the state's concession. *See State v. R. D. S.*, 271 Or App 687, 688, 352 P3d 84 (2015) ("A trial court's failure to advise a person as required is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve it at the hearing." (Internal quotation marks omitted.)); *State v. M. L. R.*, 256 Or App 566, 570, 303 P3d 954 (2013) (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" (internal quotation marks omitted)). Furthermore, for the reasons set forth in *M. L. R.*, we exercise our discretion to correct the trial court's error in this case. *See also State v. T. L. H.*, 280 Or App 392, 393, 381 P3d 1089 (2016) (exercising discretion to correct trial court's error in failing to advise person alleged to have a mental illness of her rights under ORS 426.100(1)).[2]

Reversed.

---

[1] Pursuant to ORS 426.100(1),

"[a]t the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel."

[2] Based on our resolution of appellant's first assignment of error, we need not reach her second assignment, in which she contends that the trial court erred "by finding that appellant had a mental illness."