Submitted February 3, reversed March 22, 2017

In the Matter of S. A. M.,
a Person Alleged to have a Mental Illness.
## STATE OF OREGON,
*Respondent,*

*v.*

## S. A. M.,
*Appellant.*

Jackson County Circuit Court
16CC05769; A163149

393 P3d 744

Charles Kochlacs filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## PER CURIAM

Appellant in this mental commitment case appeals an order committing him to the custody of the Mental Health Division for a period not to exceed 180 days. ORS 426.130. On appeal, in his first assignment of error,[1] appellant contends that the trial court committed plain error when it failed to advise him of his right to subpoena witnesses as required by ORS 426.100(1).[2] The state concedes that the court's failure constitutes plain error and requires reversal. We agree, and accept the state's concession. *See State v. R. D. S.*, 271 Or App 687, 688, 352 P3d 84 (2015) ("A trial court's failure to advise a person as required is not only error, but it is plain error that we exercise our discretion to consider despite an appellant's failure to raise and preserve the issue at the hearing." (Internal quotation marks omitted.)); *State v. Z. A. B.*, 264 Or App 779, 780, 334 P3d 480, *adh'd to as modified on recons*, 266 Or App 708, 338 P3d 802 (2014) (failure to advise of right to subpoena witnesses alone constitutes plain error justifying reversal); *State v. M. L. R.*, 256 Or App 566, 570-72, 303 P3d 954 (2013) (observing that "plain error review of violations of ORS 426.100(1) is justified by the nature of civil commitment proceedings, the relative interests of the parties in those proceedings, the gravity of the violation, and the ends of justice" and exercising discretion to correct the plain error (internal quotation marks omitted)). Furthermore, for the reasons set forth in *M. L. R.*, we exercise our discretion to correct the trial court's error in this case. *See also R. D. S.*, 271 Or App at 688-89 (exercising discretion to correct plain error in failing to advise appellant of her right to subpoena witnesses where, although the record showed that appellant's counsel was aware of appellant's right to subpoena witnesses, it did not show that appellant's counsel had informed appellant of that right); *State v. V. B.*, 264 Or App 621, 623-24, 333 P3d 1100 (2014) (rejecting the state's argument that the failure to advise appellant of her right to subpoena witnesses was

---

[1] Appellant also raises a second assignment of error challenging the trial court's commitment order. However, we need not address that assignment of error in light of our resolution of appellant's first assignment.

[2] Pursuant to ORS 426.100(1), the court shall advise the person alleged to have a mental illness of, among other things, "[t]he right to subpoena witnesses."

harmless because she was represented by counsel, and exercising discretion to correct the trial court's plain error).

Reversed.