***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

Submitted August 5, reversed September 21, 2022

In the Matter of S. J. C.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

S. J. C.,
*Appellant.*

Marion County Circuit Court
22CC00720; A178030

Matthew L. Tracey, Judge pro tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebecca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before James, Presiding Judge, and Aoyagi, Judge, and Joyce, Judge.

JAMES, P. J.

Reversed.

**JAMES, P. J.**

Appellant seeks reversal of an order involuntarily committing him to the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from purchasing or possessing firearms. Appellant argues that the trial court plainly erred by failing to advise him of the right to subpoena witnesses under ORS 426.100(1)(d). *See State v. Z. A. B.*, 264 Or App 779, 780, 334 P3d 480, *adh'd to as modified on recons*, 266 Or App 708, 338 P3d 802 (2014) (failure to inform a person of the right to subpoena witnesses constitutes plain error warranting reversal).

The trial court began the civil commitment hearing by informing appellant of his rights, including stating:

> "You also have the right to bring your own witnesses, so during this hearing you have a witness that you want to make sure is brought forth before this Court, you have the right to have Ms. Moody help you with that. If they aren't available today, you could always have Ms. Moody ask for additional time so that you can bring those witnesses forward."

Our case law has held that a trial court's statement that an individual has the right to call his own witnesses does not satisfy the requirement to inform him that he had the right to compulsory process. *Z. A. B.*, 264 Or App at 780. The state concedes that, under our case law, the trial court plainly erred in that regard and that the error requires reversal. We agree, accept the state's concession, and, for the reasons referenced in *State v. M. L. R.*, 256 Or App 566, 303 P3d 954 (2013), exercise our discretion to correct the plain error.

Reversed.