Argued and submitted May 9, order modified to delete provision for disposal of firearms; otherwise affirmed June 1, 2005

In the Matter of Earl N. Gifford,
Alleged to be a Mentally Ill Person.
STATE OF OREGON,
*Respondent,*

*v.*

EARL N. GIFFORD,
*Appellant.*
0404-63938; A124514
113 P3d 445

Dianna J. Gentry argued the cause and filed the brief for appellant.

Rochelle Nedeau, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.*

* Armstrong, J., *vice* Richardson, S. J.

LANDAU, P. J.

## LANDAU, P. J.

The trial court entered a judgment ordering that appellant be committed to the Mental Health Division because he suffers from a mental disorder and is dangerous to others. The court also entered a separate order stating that, pursuant to ORS 426.130(1)(b)(D), the court having determined that appellant is mentally ill, the county sheriff is ordered to "seize and dispose of all firearms currently owned or in possession" of appellant. Appellant challenges that order, arguing that the trial court lacked authority to order the disposal of his firearms. The state responds that, because there is no evidence that appellant actually possesses any firearms, the validity of the order is academic. If we conclude that appellant presents us with a justiciable controversy, however, the state concedes that the trial court lacked authority to order the disposal of the weapons. We conclude that the case is properly before us and vacate the order.

At the hearing, the state called an investigator, Anton, who testified that he had spoken with appellant and visited appellant's brother's house, where appellant had been staying. Anton testified that he "observed bullet holes throughout the house." Anton said that appellant told him that he had been shooting at people in the attic and under the house.[1] When asked whether Anton knew whether appellant had any access to weapons or firearms, Anton replied, "Well, he owned an ars[e]n[al]. He owned, I don't know, 10 or 15 guns, all [the] way from M-16 type weapons to shotguns to rifles. I mean, just a whole range of weapons." Part of the state's case, in fact, was that, in view of appellant's use of firearms, he presented a danger to others. Apparently, at the time of the hearing, the weapons had already been confiscated, and appellant no longer had immediate access to them. Nevertheless, as we have noted, after finding that appellant suffers from a mental disorder and is dangerous to others, the trial court ordered that the county sheriff "seize and dispose of all firearms currently owned or in possession of appellant."

---

[1] When Anton saw the holes in the house, he said to appellant, "[M]y God, what if somebody really would've been there?" Anton testified that appellant replied, "Well, then that would prove I wasn't crazy, because there would be a body."

The state argues that, because appellant's guns were seized and he no longer had immediate access to them, the validity of the order requiring them to be seized and disposed of is a moot point. The order, however, applies to weapons that appellant either owns or possesses. There is no evidence that appellant does not still own all the weapons that had previously been confiscated. The validity of the order therefore presents an issue of concrete significance. *Yancy v. Shatzer*, 337 Or 345, 349, 97 P3d 1161 (2004) (A controversy "is justiciable, as opposed to abstract, where there is an actual and substantial controversy between parties having adverse legal interests."). We turn to that issue.

ORS 426.130(1)(b)(D) provides, in part:

"After hearing all of the evidence, and reviewing the findings * * *, the court shall determine whether the person is mentally ill. If, in the opinion of the court the person is * * * mentally ill, based upon clear and convincing evidence, the court * * * shall order that the person be prohibited from *purchasing or possessing a firearm* if, in the opinion of the court, there is a reasonable likelihood the person would constitute a danger to self or others or to the community at large[.]"

(Emphasis added.) In this case, the court ordered the county sheriff to "seize *and dispose*" of all firearms in appellant's ownership or possession. As the state correctly concedes, the court lacked authority to do that.

Order modified to delete provision for disposal of firearms; otherwise affirmed.