TOOKEY, J.
*39 *859 Appellant in this civil commitment case appeals a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days. See ORS 426.130. On appeal, in appellant's second assignment of error, he contends that the trial court plainly erred by failing to advise him of all the possible results of the proceedings as required by ORS 426.100(1)(c).[1] The state contends that the trial court did not plainly err because it "adequately advised appellant directly and completely at the outset of the hearing regarding the majority of the rights outlined in ORS 426.100(1)." For the reasons that follow, we reverse.
ORS 426.100(1) provides:
"At the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:
"(a) The reason for being brought before the court;
"(b) The nature of the proceedings;
"(c) The possible results of the proceedings ;
"(d) The right to subpoena witnesses; and
"(e) The person's rights regarding representation by or appointment of counsel."
(Emphasis added.) Thus, " ORS 426.100(1) requires a trial court conducting a civil commitment hearing to advise the allegedly mentally ill person of the *** possible results of the hearing." State v. M. L. R. , 256 Or. App. 566, 569, 303 P.3d 954 (2013).
ORS 426.130 establishes that there are five possible results of a civil commitment hearing. On one hand, if the court determines, "based upon clear and convincing evidence," that the allegedly mentally ill person "[i]s a person with mental illness," there are three possible results. ORS 426.130(1)(a). First, if "[t]he person is willing and able to participate in treatment on a voluntary basis,"
*860 ORS 426.130(1)(a)(A)(i), and "[t]he court finds that the person will probably do so," ORS 426.130(1)(a)(A)(ii), the court "[s]hall order the release of the person and dismiss the case." ORS 426.130(1)(a)(A). Second, the court "[m]ay order conditional release." ORS 426.130(1)(a)(B). Third, the court "[m]ay order commitment of the person with mental illness to the Oregon Health Authority for treatment if, in the opinion of the court, *** [voluntary treatment or conditional release] is not in the best interest of the person." ORS 426.130(1)(a)(C). If the court orders conditional release or commitment, the court shall establish a period of conditional release or commitment "not to exceed 180 days." ORS 426.130(2). On the other hand, if the court determines that the allegedly mentally ill person "[i]s not a person with mental illness, the court shall release the person from custody if the person has been detained," ORS 426.130(1)(b), and "[d]ismiss the case," ORS 426.130(1)(b)(A), or "[o]rder the person to participate in assisted outpatient treatment" if additional findings are made "in accordance with ORS 426.133."[2] 426.130(1)(b)(B). "A period of assisted outpatient *40 treatment shall be for a period of time not to exceed 12 months." ORS 426.130(2).
In this case, the trial court gave appellant the following information about the possible results of the hearing:
"So, I have to have clear and convincing evidence both that you're having some mental health problems. But also, *861 that because of those mental health problems you're a danger to yourself, someone else, or you can't take care of yourself.
"If none of that is proven to me today *** I will dismiss the Notice of Mental Illness. That's the piece of paper that's keeping you here in the hospital. And, you'll be free to leave.
"On the other hand, if it's proven to me today by clear and convincing evidence that you are mentally ill, then I could commit you to the Oregon Health Authority for a period not to exceed a hundred and eighty days. What that would mean basically, is that you would stay in the hospital, keep working with the doctors, [and] take medication until the doctors felt you were ready to leave. But, it couldn't be more than a hundred and eight[y] days without coming back to court again."
On appeal, appellant contends that the court plainly erred by failing to advise him of two additional possible results of the hearing: "(1) if he was willing and able to participate in treatment on a voluntary basis and will probably do so, he could be ordered released and the case dismissed, and (2) the court could order conditional release." The state relies on our decision in State v. J. D. C. , 226 Or. App. 563, 569-70, 204 P.3d 162 (2009), to argue that a "trial court d[oes] not commit plain error by failing to advise an allegedly mentally ill person about voluntary treatment and conditional release" and, therefore, "any error was *** not obvious in light of that case."
We may review an unpreserved assignment of error under ORAP 5.45(1) if certain conditions are met:
"(1) the error is one of law; (2) the error is apparent, in that the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record, such that we need not go outside the record or choose between competing inferences to find it, and the facts that comprise the error are irrefutable."
State v. Reynolds , 250 Or. App. 516, 519-20, 280 P.3d 1046, rev. den. , 352 Or. 666, 293 P.3d 1045 (2012) (brackets, internal quotation marks, and citation omitted).
*862 Recently, in State v. M. M. , 288 Or. App. 111, 115, 405 P.3d 192 (2017), we explained that, "in light of developments in the law since J. D. C. was decided, * * * [a] trial court's error in failing to advise [the] appellant of all the possible results of the proceedings is not reasonably in dispute." We concluded that the trial court plainly erred because it did not advise the appellant of the possible results of the hearing, "including voluntary treatment and conditional release." Id . at 115-16, 405 P.3d 192 ; see also State v. Z. W. Y. , 290 Or. App. 319, 320, 410 P.3d 1115 (2018) (concluding that the trial court plainly erred when it failed to advise the appellant of the possibility of voluntary treatment or conditional release); State v. B. A. F. , 290 Or. App. 1, 6, 414 P.3d 486 (2018) (same); State v. D. A. R. , 289 Or. App. 435, 436, 407 P.3d 982 (2017) (same); State v. M. S. R. , 288 Or. App. 156, 157, 403 P.3d 809 (2017) (same). Here, the trial court failed to advise appellant of the possible results of voluntary treatment, conditional release, and assisted outpatient treatment, and, therefore, it plainly erred.
Nevertheless, the state contends that we should not exercise our discretion to correct the error because it is reasonable to infer that appellant's counsel had already advised him of all the possible results, and because counsel would have pursued voluntary treatment or conditional release if those were possible results. As we have stated, "[r]epresentation by counsel does not, in and of itself, render a trial court's failure to comply with ORS 426.100(1) harmless." State v. M. T. , 244 Or. App. 299, 306, 258 P.3d 1288 (2011). As noted, ORS 426.100(1)(c) provides that "the court shall advise" the appellant of the "possible results of the proceedings." To comply with ORS 426.100(1)(c), "a court must either advise the allegedly mentally ill person directly" of all of the possible results of the *41 proceedings, or "conduct an examination on the record to determine whether a valid waiver of the right to be advised has been knowingly and voluntarily made." M. T. , 244 Or. App. at 302-03, 258 P.3d 1288 (internal quotation marks and citation omitted).
Here, as discussed above, the trial court did not directly advise appellant of all the possible results of the proceeding. Furthermore, the record does not establish that *863 the trial court conducted an examination to determine whether counsel had adequately advised appellant of all the possible results of the proceedings. See id . at 306, 258 P.3d 1288 (exercising our discretion to correct the plain error when "the record * * * provide[d] no basis for concluding that [the] appellant's counsel provided [the] appellant with the information necessary to render harmless the court's failure to comply with ORS 426.100"). For the reasons expressed in M. M. , we exercise our discretion to correct the error. 288 Or. App. at 116, 405 P.3d 192 (nature of civil commitment proceedings, the interests of the parties, the gravity of the violation, and the ends of justice).
Reversed.

In appellant's first assignment of error, he challenges the court's determination that he had a mental illness. Our disposition of appellant's second assignment of error obviates the need to address his first assignment of error.

ORS 426.133(2) provides:
"A court may issue an order requiring a person to participate in assisted outpatient treatment if the court finds that the person:
"(a)(A) Is 18 years of age or older;
"(B) Has a mental disorder;
"(C) Will not obtain treatment in the community voluntarily; and
"(D) Is unable to make an informed decision to seek or to comply with voluntary treatment; and
"(b) As a result of being a person described in paragraph (a) of this subsection:
"(A) Is incapable of surviving safely in the community without treatment; and
"(B) Requires treatment to prevent a deterioration in the person's condition that will predictably result in the person becoming a person with mental illness."