Submitted August 11; reversed and remanded for entry of judgment omitting allegation 2(A), otherwise affirmed September 10, 2020

In the Matter of A. Z.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

T. D.,
*Appellant.*

Umatilla County Circuit Court
19JU07599; A173634

473 P3d 1165

Robert W. Collins, Jr., Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Holly Telerant, Deputy Public Defender, Office of Public Defense Services, filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Christopher Page, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

PER CURIAM

Reversed and remanded for entry of judgment omitting allegation 2(A); otherwise affirmed.

**PER CURIAM**

Mother appeals a judgment of jurisdiction and disposition with regard to her son, A, advancing seven assignments of error. After she appealed the judgment, the Department of Human Services (DHS) filed a motion in the juvenile court to terminate wardship and dismiss juvenile court jurisdiction because A had been living with father, A was doing well, and wardship was no longer in his best interest. The juvenile court granted the motion and entered a judgment that terminated jurisdiction and dismissed the dependency proceedings.

In light of those developments, DHS moved to dismiss mother's appeal as moot. Mother opposed the motion, arguing that the juvenile court's findings regarding the bases for jurisdiction—the subject of mother's second through sixth assignments of error—have collateral consequences for mother in a pending domestic relations case in which father is seeking sole legal custody and an "immediate danger" order based on A's removal from mother's care "due to neglect and abuse." In reply, DHS conceded that the appeal was not moot in its entirety, and that resolution of the second through sixth assignments of error "could have a practical effect on mother's rights based on its import in the domestic relations case." *See Dept. of Human Services v. A. B.*, 362 Or 412, 414, 412 P3d 1169 (2018) ("If a parent identifies practical effects or collateral consequences that the parent believes will result from the judgment, then the department has the burden to persuade the appellate court that those consequences are factually incorrect or legally insufficient."). DHS's motion to dismiss the appeal as moot was subsequently denied.

With that procedural background, we consider the merits of mother's appeal with regard to her second through sixth assignments of error, resolution of which could be important to the domestic relations case.[1] With respect to mother's second assignment, DHS concedes that the evidence is insufficient to support the court's finding that DHS

---

[1] Although the appeal as a whole is not moot, mother has not identified how resolution of her first and seventh assignments of error will have any practical effect on her, and we do not address those moot assignments.

proved allegation 2(A) of the petition, which alleged that "mother was subjected to domestic violence by the father and the mother is unable to protect the child from exposure to father's violence." We agree, accept the concession, and reverse and remand for entry of judgment omitting that jurisdictional basis. As for mother's third through sixth assignments, we affirm without discussion.

Reversed and remanded for entry of judgment omitting allegation 2(A); otherwise affirmed.