Submitted August 7, reversed September 23, 2020

In the Matter of J. F.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. F.,
*Appellant.*

Multnomah County Circuit Court
20CC00134; A173403

473 P3d 1165

Monica M. Herranz, Judge pro tempore.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Shannon T. Reel, Assistant Attorney General, filed the brief for respondent.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed.

## PER CURIAM

Appellant seeks reversal of a judgment committing him to the custody of the Mental Health Division for a period not to exceed 180 days. *See* ORS 426.130. In his sole assignment of error, appellant contends that the trial court plainly erred when it failed to advise him of the information required by ORS 426.100(1). Specifically, he asserts that the trial court plainly erred when it failed to advise him of the possible results of the commitment hearing, including the possibilities of voluntary treatment or conditional release. In response, the state concedes that the trial court's failure to advise appellant of the information required by ORS 426.100(1) is plain error. *See State v. M. M.*, 288 Or App 111, 116, 405 P3d 192 (2017) (holding that "the trial court's failure to advise appellant of all of the possible results of the proceedings was plain error"). We agree that the error is plain and, for the reasons stated in *M. M.*, we conclude that it is appropriate to exercise our discretion to correct the error. 288 Or App at 116; *see also State v. J. R. B.*, 290 Or App 858, 863, 418 P3d 38 (2018) (exercising discretion to correct plain error for failure to comply with ORS 426.100(1)). Consequently, we reverse the judgment.

Reversed.