Submitted September 13, affirmed October 25, 2023

In the Matter of J. R. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

J. R. S.,
*Appellant.*

Marion County Circuit Court
22CC05320; A179630

539 P3d 341

Appellant appeals a judgment involuntarily committing him to the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from possessing or purchasing firearms. Appellant contends that the trial court erred when it failed to advise appellant of the potential for a firearm prohibition order as a consequence of his civil commitment hearing. That assignment of error was not preserved, so the Court of Appeals reviewed the omission for plain error under ORAP 5.45(1). *Held*: The Court of Appeals determined that the trial court's alleged error was not obvious and was reasonably in dispute. Under ORS 426.100(1)(c), the trial court must advise a person alleged to have a mental illness of the "possible results" of civil commitment proceedings. In *State v. J. R. B.*, 290 Or App 858, 859, 418 P3d 38 (2018), the court identified five "possible results" of a civil commitment hearing, not including a firearm prohibition. The court determined that while a firearm prohibition is a possible result, it is a collateral result of mental commitment, and thus different in kind from those five direct "possible results." It was not obvious and was reasonably in dispute whether the trial court erred in failing to advise appellant of a possible firearm prohibition. Therefore, the trial court's omission was not plain error.

Affirmed.

Jennifer J. Brown, Judge Pro Tempore.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, and Egan, Judge, and Kistler, Senior Judge.

TOOKEY, P. J.

Affirmed.

## TOOKEY, P. J.

Appellant appeals a trial court judgment involuntarily committing him to the Oregon Health Authority for a period not to exceed 180 days and an order prohibiting him from possessing or purchasing firearms. Appellant contends that the trial court plainly erred in failing to advise him of the potential for a firearm prohibition order. For the reasons explained below, we conclude that the asserted error does not constitute plain error, and we affirm the judgment and order.

The parties agree that appellant's assignment of error is not preserved. "We may review an unpreserved assignment of error as one apparent on the record under ORAP 5.45(1) if certain conditions are met: (1) the error is one of law; (2) the error is apparent, in that the legal point is obvious, not reasonably in dispute; and (3) the error appears on the face of the record[.]" *State v. Reynolds*, 250 Or App 516, 519-20, 280 P3d 1046, *rev den*, 352 Or 666 (2012) (internal quotations and citations omitted). An error that is not obvious or that is reasonably in dispute is not a plain error and is therefore not reviewable by this court.

Appellant argues that, in failing to advise him of the possible firearm prohibition, the trial court violated ORS 426.100(1)(c). ORS 426.100(1)(c) requires that "[a]t the time [a] person alleged to have a mental illness is brought before the court, the court shall advise the person of *** the possible results of the proceedings[.]"[1] As appellant points out, we have held that "failure to provide a person with all of the information required by ORS 426.100(1) constitutes an egregious error that justifies plain error review." *State v. M. L. R.*, 256 Or App 566, 570-71, 303 P3d 954 (2013) (internal

---

[1] In full, ORS 426.100(1) requires that:

"(1) At the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of the following:

"(a) The reason for being brought before the court;

"(b) The nature of the proceedings;

"(c) The possible results of the proceedings;

"(d) The right to subpoena witnesses; and

"(e) The person's rights regarding representation by or appointment of counsel."

citations omitted). Appellant asserts that the firearm prohibition is one of the "possible results" of his civil commitment proceeding of which he must have received notice.

ORS 426.100(1)(c) does not specify what constitutes a "possible result" of a civil commitment proceeding. And we have not previously addressed the issue presented here: whether the firearm prohibition in ORS 426.130(1)(a)(D)[2] is among the "possible results" of a civil commitment proceeding of which a person alleged to have a mental illness must be notified at the outset of the proceeding under ORS 426.100(1)(c).

---

[2] ORS 426.130(1) provides, in pertinent part:

"After hearing all of the evidence, and reviewing the findings of the examiners, the court shall determine whether the person has a mental illness and is in need of treatment. If, in the opinion of the court, the person:

"(a) Is a person with mental illness based upon clear and convincing evidence, the court:

"(A) Shall order the release of the person and dismiss the case if:

"(i) The person is willing and able to participate in treatment on a voluntary basis; and

"(ii) The court finds that the person will probably do so.

"(B) May order conditional release under this subparagraph subject to the qualifications and requirements under ORS 426.125. If the court orders conditional release under this subparagraph, the court shall establish a period of commitment for the conditional release.

"(C) May order commitment of the person with mental illness to the Oregon Health Authority for treatment if, in the opinion of the court, subparagraph (A) or (B) of this paragraph is not in the best interest of the person. If the court orders commitment under this subparagraph:

"(i) The court shall establish a period of commitment.

"(ii) The authority may place the committed person in outpatient commitment under ORS 426.127.

"(D) Shall order that the person be prohibited from purchasing or possessing a firearm if, in the opinion of the court, there is a reasonable likelihood the person would constitute a danger to self or others or to the community at large as a result of the person's mental or psychological state as demonstrated by past behavior or participation in incidents involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct. * * *

"(b) Is not a person with mental illness, the court shall release the person from custody if the person has been detained * * * and:

"(A) Dismiss the case; or

"(B) Order the person to participate in assisted outpatient treatment in accordance with ORS 426.133. The court may continue the proceeding for no more than seven days to allow time for the community mental health program director to develop the person's assisted outpatient treatment plan."

In *State v. J. R. B.*, we identified "five possible results of a civil commitment hearing": (1) release, dismissal, and voluntary treatment; (2) conditional release; (3) commitment to the Oregon Health Authority; (4) dismissal; or (5) assisted outpatient treatment. 290 Or App 858, 859-60, 418 P3d 38 (2018) (citing ORS 426.130(1)). In that case, we determined that the trial court plainly erred when it advised the appellant, a person alleged to have a mental illness, of only three of those possible results and failed to advise the appellant of the other two. *Id.* at 862.

It seems to us that a firearm prohibition is a collateral result of mental commitment, as opposed to a direct result, and is thus different in kind from the five "possible results" that we identified in *J. R. B.* as results of which a court must notify a person alleged to have a mental illness under ORS 426.100(1)(c). That is, the five "possible results" that we identified in *J. R. B.* relate to the court's determination of whether a person has a mental illness, whether treatment is necessary, and how the court determines it is best to effectuate that treatment. On the other hand, a firearm prohibition is an indirect result of such determinations by the trial court; it is secondary to the first determinations that the trial court makes. *Cf. State v. King*, 361 Or 646, 650-51, 398 P3d 336 (2017) (characterizing "the inability to own or possess firearms" as a "collateral consequence" of a felony conviction, which defendant acknowledged by signing a plea petition pleading guilty to second-degree assault and no contest to first degree robbery); Wayne R. LaFave, *5 Criminal Procedure* § 21.4(d), n 143 (4th ed 2021) (explaining a "responsibility of the judge is to advise the defendant of certain consequences which could follow if the plea is accepted" and that "the conventional wisdom is that this obligation extends to those consequences which are 'direct' but not to those which are only 'collateral' in nature," such as a prohibition on owning firearms). We conclude, therefore, that it is not obvious and is reasonably in dispute whether the trial court violated ORS 426.100(1)(c) in failing to advise appellant of a possible firearm prohibition order.[3]

---

[3] We further reject appellant's contention that the trial court's failure to advise him of the possible firearm prohibition plainly violated due process and the Second Amendment of the United States Constitution.

Because the asserted error was not obvious and is reasonably in dispute, we conclude that it was not plain error. Accordingly, we affirm the judgment of commitment and the order prohibiting appellant from purchasing or possessing firearms.

Affirmed.