570 January 29, 2025 No. 60

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of C. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

C. B.,
*Appellant.*

Umatilla County Circuit Court
24CC02992; A184552

Joanna A. Marikos, Judge.

Submitted December 13, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

LAGESEN, C. J.

Reversed.

**LAGESEN, C. J.**

Appellant seeks reversal of a judgment committing her to the Oregon Health Authority for a period not to exceed 180 days, as well as an order prohibiting the purchase or possession of firearms. The trial court entered the judgment and order after finding that appellant suffered from a mental illness. We reverse.[1]

Appellant argues that the trial court plainly erred in failing to give the advice of rights required by ORS 426.100(1), and in failing to determine whether appellant made a knowing and voluntary waiver of the advice of rights. The state concedes that the trial court plainly erred and that reversal is warranted. We agree with and accept the state's concession. At the beginning of the civil commitment hearing, the trial court did not advise appellant of all the possible results of the hearing. *See State v. J. R. B.*, 290 Or App 858, 862, 418 P3d 38 (2018) (trial court's failure to advise appellant of all the possible results of civil commitment proceeding is plain error); *see also State v. M. M.*, 288 Or App 111, 116, 405 P3d 192 (2017) (same). Nor is there any indication that appellant waived the mandatory procedural protections afforded by ORS chapter 426. *State v. T. C.*, 327 Or App 558, 564, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024). Given the nature of civil commitment cases, the interests of the parties, the gravity of the error, and the ends of justice, we exercise discretion to correct the error. *Id.* at 571.

Reversed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.