No. 366 April 23, 2025 119

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of V. L. B.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

V. L. B.,
*Appellant.*

Clackamas County Circuit Court
23CC03971; A181904

Jeffrey S. Jones, Judge.

Submitted May 29, 2024.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.*

PAGÁN, J.

Vacated and remanded.

_____
* Powers, Judge *vice* Mooney, Senior Judge.

**PAGÁN, J.**

Appellant appeals from a trial court judgment involuntarily committing appellant to the custody of the Oregon Health Authority for a period of time not to exceed 180 days based upon a finding that appellant had mental illness. In four assignments of error, appellant contends that the trial court erred because (1) the record lacks clear and convincing evidence that appellant had mental illness; (2) the trial court failed to comply with ORS 426.100(1); (3) the court held the commitment hearing virtually after appellant requested that the hearing be held at the hospital as a place convenient to appellant; and, (4) the trial court improperly admitted remote location testimony over appellant's objection. For the reasons that follow, we vacate the trial court's judgment and remand this case for further proceedings.

As a preliminary matter, we first address appellant's second assignment of error, which contends that the trial court erred by failing to advise appellant as required by ORS 426.100(1). Specifically, appellant contends that the trial court erred by failing to advise appellant that (1) a finding that she was an appropriate candidate for voluntary treatment would result in dismissal and release and (2) that, if ordered to participate in outpatient treatment, the order could only be "for a period of time not to exceed 12 months." Appellant requests that we exercise discretion to correct the trial court's purported error under plain error review.

Pursuant to ORS 426.100(1), in a civil commitment proceeding, a trial court is required to advise the allegedly mentally ill person of the following: "(a) [t]he reason for being brought before the court; (b) [t]he nature of the proceedings; (c) [t]he possible results of the proceedings; (d) [t]he right to subpoena witnesses; and (e) [t]he person's rights regarding representation by or appointment of counsel." And we have further explained that ORS 426.130 identifies five possible results of a civil commitment hearing that must be explained to the subject of the hearing: "(1) release, dismissal, and voluntary treatment; (2) conditional release; (3) commitment to the Oregon Health Authority; (4) dismissal; or (5) assisted outpatient treatment." *State v. J. R. S.*, 328 Or

App 733, 737, 539 P3d 341 (2023) (citing *State v. J. R. B.,* 290 Or App 858, 859-60, 418 P3d 38 (2018)).

At issue here is whether the trial court properly advised appellant of the "possible results of the proceedings," as required by ORS 426.100(1)(c). However, although the trial court is required to provide appellant with the information regarding each of the five possible outcomes of a hearing, it is "required only to give general and comprehensible information about the possible results of the hearing." *State v. M. M.*, 288 Or App 111, 115, 405 P3d 192 (2017).

In this case, at the start of the hearing, the trial court advised appellant of the following:

[THE COURT]:   "The Court could conclude that the proof is not sufficient and dismiss the case, finding that [appellant] is not mentally ill, or it could be a finding she is mentally ill but she's appropriate for voluntary treatment, or there could be a finding that she's eligible for a conditional release if certain requirements are met, such as a friend or family member can monitor. It could be an order for outpatient treatment, and of course it could be an order of a civil commitment up to 180 days."

That statement reasonably advised appellant that the court could find that she was an appropriate candidate for voluntary treatment, and that such a finding would result in dismissal and release. Under the standard articulated in *M. M.*, it was, at the very least, not obvious or beyond dispute that the trial court's statement advising appellant of that particular outcome was insufficient. *See* 288 Or App at 115; *see also State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (explaining that plain error review is appropriate where (1) the error is an error of law; (2) the legal point is not reasonably in dispute; and (3) to reach the error, a reviewing court "need not go outside the record or choose between competing inferences to find it.").

Appellant further contends that the trial court failed to advise her that if there was insufficient evidence of mental illness, appellant may be ordered to participate in "assisted outpatient treatment for a period of time not to exceed 12 months." ORS 426.130(2). But, as explained above, the trial court did inform appellant that there was an

outcome where it could order outpatient treatment. The trial court's statement covered that possible outcome and, thus, was sufficient to inform appellant of the possible outcomes of the case, as required by ORS 426.100(1). To the extent that the trial court may have erred by not providing clearer information about the specifics of the possible results of the proceedings, any error is not plain because it is not obvious and beyond dispute that the trial court's statement of rights, as provided to appellant, was inadequate. *See J. R. S.*, 328 Or App at 737 (concluding that it is "not obvious and is reasonably in dispute whether the trial court violated ORS 426.100(1)(c) in failing to advise appellant of a possible firearm prohibition order.").

In her third and fourth assignments of error, appellant contends that her due process rights were violated by the trial court's decision to deny her motion for an in-person hearing. We addressed that same issue in *State v. A. M.*, 333 Or App 453, 553 P3d 593, *adh'd to on recons*, 335 Or App 320 (2024). In *A. M.*, we noted that when determining whether due process required an in-person commitment hearing, the court must consider the following three factors to decide what process is due:

> "'First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.'"

*Id.* at 462-67 (quoting *Mathews v. Eldridge*, 424 US 319, 335, 96 S Ct 893, 47 L Ed 2d 18 (1976)). We further concluded that, although the record permitted our review of the first and third factor, the second factor turned on a factual inquiry, and the record contained "no evidence one way or the other on [these] factual issues, much less a resolution of any competing evidence." *Id.* at 465-66. We remanded the case so that the parties could submit evidence, and the trial court could "balance the three *Mathews* factors and determine whether due process requires an in-person commitment hearing." *Id.* at 467.

Here, the procedural facts are very similar to those in *A. M.* The trial court denied appellant's motion for an in-person hearing on the same day that she filed it and did so without explanation. Neither party submitted evidence as to the second factor, and there is no indication that the court weighed the *Mathews* factors in making its decision. Therefore, we vacate and remand this case for further proceedings to allow the parties to address the due process concerns with the remote format and permit the trial court to rule on that issue in the first instance.[1]

Lastly, we briefly address appellant's first assignment of error, which contends that there was insufficient evidence for the trial court's finding that she had a mental disorder that resulted in her being unable to meet her basic needs. Setting aside the procedural issues, upon review of the record, we conclude that there was sufficient evidence for the trial court to find that appellant was unable to provide for her basic needs. Specifically, at the time of the civil commitment proceeding, appellant—who suffers from schizophrenia—was experiencing hallucinations and delusions that caused her to stop addressing her basic body functions. That included: refusing to go to the bathroom, causing her to urinate and defecate on herself, refusing to eat and drink, and refusing to take her medications. Although appellant normally resides in an adult foster care home that assists her with providing for her basic needs, appellant's condition had deteriorated to the point where they were unable to provide for her care. As a result, appellant was hospitalized, where her condition continued to get worse. Appellant's foster home care provider, the hospital medical provider, and a Clackamas County mental health investigator all agreed that appellant, because of her mental disorder, was unable to provide for her basic needs on her own.

In summary, we remand for the trial court to consider the evidence of how an in-person hearing would have been qualitatively different for appellant. However, should the trial court, upon consideration of that issue, determine

---

[1] Appellant additionally argues that the trial court erred by failing to strictly comply with ORS 45.400 and ORS 426.095(1). We addressed that argument in *A. M.*, and we determined that the statutes do not "expressly require an in-person hearing." 333 Or App at 465-67.

that it would still have denied the motion for an in-person hearing, it may re-enter the previous judgment as we conclude that there was sufficient evidence to support the underlying commitment. *See A. M.*, 333 Or App at 467 (remanding for a hearing to establish a factual record about whether the remote format satisfies due process and to permit the trial court to rule on that issue in the first instance).

Vacated and remanded.