No. 387　　　　　　May 6, 2026　　　　　　359

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. M. E.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

D. M. E.,
*Appellant.*

Lane County Circuit Court
25CC05708; A189028

Debra E. Velure, Judge.

Submitted March 13, 2026.

Joseph R. DeBin and Multnomah Defenders, Inc., filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Reversed.

---------------

* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

Appellant seeks reversal of a judgment committing him to the Oregon Health Authority for a period not to exceed 180 days, and an order prohibiting the purchase or possession of firearms. The trial court entered that judgment and order after finding that appellant suffered from a mental disorder that caused him to be a danger to others and unable to provide for his basic needs. *See* ORS 426.005 (1)(f)(A)-(B) (2019).[1] We reverse.

Appellant argues that the trial court plainly erred in failing to give the advice of rights required by ORS 426.100(1). Specifically, the trial court omitted one of the possible results of the hearing, which was that, if the court finds that the alleged mentally ill person is not a person with mental illness, the person may be ordered to participate in assisted outpatient treatment for a period of up to 12 months. ORS 426.130(1)(b)(B); *State v. J. R. B.*, 290 Or App 858, 862, 418 P3d 38 (2018) (trial court's failure to advise appellant of all the possible results of civil commitment proceeding is plain error). The state concedes the error. Having reviewed the record, we agree with and accept the state's concession. Given the nature of civil commitment cases, the interests of the parties, the gravity of the error, and the ends of justice, we exercise our discretion to correct the plain error. *State v. T. C.*, 327 Or App 558, 571, 536 P3d 591 (2023), *rev den*, 371 Or 825 (2024).

Reversed.

---

[1] In 2025 the legislature passed House Bill 2005, amending many mental commitment statutes, including the statutory phrase "person with mental illness." The new versions took effect on January 1, 2026. The statutes cited in this opinion are the prior versions in effect at the time of appellant's hearing in this case in 2025.