558 June 10, 2026 No. 536

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of T. H.,
a Person Alleged to have Mental Illness.

STATE OF OREGON,
*Respondent,*

*v.*

T. H.,
*Appellant.*

Marion County Circuit Court
25CC04500; A188457

Matthew L. Tracey, Judge pro tempore.

Argued and submitted May 6, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Vacated and remanded.

**PER CURIAM**

Appellant appeals a judgment of civil commitment.[1] The trial court ruled after a hearing that appellant was a danger to others as the result of a mental disorder and committed him to the custody of the Oregon Health Authority for a period up to 180 days. Appellant raises four assignments of error on appeal, which are identical to the four assignments of error raised in *State v. G. C.-M.*, 350 Or App 404, ___ P3d ___ (2026), also decided today. As relevant to the issues on appeal, the facts of this case are identical to the facts of *G. C.-M.*, and the parties' arguments also are identical. The outcome is therefore the same as well.

First, we hold that the trial court erred by including in the firearms order issued under ORS 426.130(1)(a)(D) an order to the sheriff to seize and dispose of all firearms currently owned or possessed by appellant. *G. C.-M.*, 350 Or App at 406-08. We therefore modify the "Order Prohibiting Purchase or Possession of Firearms" entered on August 8, 2025, by striking the words "the sheriff is ordered to seize and dispose of all firearms currently owned or in the possession of [appellant]." That modification is effective immediately. However, to ensure that the sheriff receives notice, we also direct the trial court to enter an amended firearms order that omits the seizure-and-disposal provision and to "cause a copy of the order to be delivered to the sheriff of the county" in accordance with ORS 426.130(1)(a)(D).

Second, we hold that the trial court erred in failing to give appellant the notice required by ORS 426.130(4) after it ordered him committed. *G. C.-M.*, 350 Or App at 408-10. We therefore vacate the general judgment and remand to the trial court with instructions to enter a judgment that includes a notice to appellant that appellant "is prohibited from purchasing or possessing a firearm under state and federal law unless [he] obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law."

---

[1] Appellant was committed under the 2025 version of the statutes. The statutory provisions discussed in this opinion—that is, ORS 426.100(1)(c), ORS 426.130(4), and ORS 426.130(1)(a)(D)—have since been renumbered. Or Laws 2025, ch 559, § 66. All references herein are to the version of the statutes under which appellant was committed.

Finally, we reject appellant's unpreserved arguments challenging the prehearing notice given pursuant to ORS 426.100(1)(c). Given that the trial court lacked authority to order the sheriff to seize and dispose of any firearms that appellant currently owned or possessed at the time of commitment, it was not plain error for the trial court not to include that possibility in its prehearing advice of rights. *G. C.-M.*, 350 Or App at 410-11. As for the court advising appellant that it could "make a finding that you're mentally ill and order you to participate in outpatient commitment," that was plainly erroneous, but we decline to exercise our discretion to reverse the commitment on that basis, for the reasons described in *G. C.-M. Id.* at 411-13.

Vacated and remanded.