404　　　　　　June 10, 2026　　　　　No. 516

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of G. C.-M.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

G. C.-M.,
*Appellant.*

Marion County Circuit Court
25CC04646; A188452

Michael Y. Wu, Judge pro tempore.

Argued and submitted May 6, 2026.

Christopher J. O'Connor argued the cause for appellant. Also on the brief was Multnomah Defenders, Inc.

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Inge D. Wells, Assistant Attorney General.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

AOYAGI, P. J.

Vacated and remanded.

**AOYAGI, P. J.**

Appellant appeals a judgment of civil commitment.[1] The trial court ruled after a hearing that appellant was a danger to others as the result of a mental disorder and committed him to the custody of the Oregon Health Authority (OHA) for a period up to 180 days. The court also entered an order pursuant to ORS 426.130(1)(a)(D), prohibiting appellant from purchasing or possessing firearms. Appellant raises four assignments of error on appeal. As explained below, we conclude that, as to the firearms order issued under ORS 426.130(1)(a)(D), the trial court erred by including a provision ordering the sheriff to seize and dispose of all firearms currently owned or possessed by appellant. Further, as to the judgment itself, the trial court erred in failing to give appellant the firearms notice required by ORS 426.130(4) after committing him. We reject, however, appellant's unpreserved arguments regarding the trial court's prehearing advice of rights under ORS 426.100(1)(c). Ultimately, we vacate the general judgment and remand with instructions to take certain actions consistent with this opinion.

## UNLAWFUL PROVISION IN FIREARMS ORDER ISSUED PURSUANT TO ORS 426.130(1)(a)(D)

After deciding to commit appellant, and immediately before entry of the general judgment of commitment, the trial court entered on August 12, 2025, an "Order Prohibiting Purchase or Possession of Firearms." That order was issued pursuant to ORS 426.130(1)(a)(D), which provides that, upon determining that someone is "a person with mental illness" within the meaning of the civil commitment statutes, the court:

> "Shall order that the person be prohibited from purchasing or possessing a firearm if, in the opinion of the court, there is a reasonable likelihood the person would constitute a danger to self or others or to the community at large as a result of the person's mental or psychological state as demonstrated by past behavior or participation in incidents

---

[1] Appellant was committed under the 2025 version of the statutes. The statutory provisions discussed in this opinion—that is, ORS 426.100(1)(c), ORS 426.130(4), and ORS 426.130(1)(a)(D)—have since been renumbered. Or Laws 2025, ch 559, § 66. All references herein are to the version of the statutes under which appellant was committed.

involving unlawful violence or threats of unlawful violence, or by reason of a single incident of extreme, violent, unlawful conduct. When a court makes an order under this subparagraph, the court shall cause a copy of the order to be delivered to the sheriff of the county who will enter the information into the Law Enforcement Data System."

The firearms order issued in this case states that appellant has been found mentally ill, contains the requisite finding as to dangerousness, and orders that appellant is prohibited from purchasing or possessing firearms and ammunition. That portion of the order is not in dispute. What is challenged is the final provision of the order, which states that "the sheriff is ordered to seize and dispose of all firearms currently owned or in the possession of [appellant]." Appellant argues that the court erred in including that provision in the firearms order because there is no legal authority for it. The state agrees and concedes the error.

The claim of error is well taken, and we accept the state's concession. The challenged provision appeared for the first time in the firearms order and appellant had no meaningful opportunity to object to it, so preservation is excused. *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). On the merits, the firearms order does not identify any source of authority for the order to the sheriff, and we have previously held that such an order is not authorized by law. *See State v. E. N. G.*, 200 Or App 40, 43, 113 P3d 445 (2005) ("In this [civil commitment] case, the court ordered the county sheriff to 'seize and dispose' of all firearms in appellant's ownership or possession. As the state correctly concedes, the court lacked authority to do that." (Emphasis omitted.)). The parties have not identified any new, post-*E. N. G.* authority for such an order. Accordingly, we accept the concession.[2]

The "Order Prohibiting Purchase or Possession of Firearms" entered on August 12, 2025, is hereby modified

_____

[2] We note that the state does not contend that the firearms order is moot due to the passage of time since its issuance. *Cf. E. N. G.*, 200 Or App at 43 (rejecting the state's argument that the validity of the firearms order was a moot point "because appellant's guns were seized and he no longer had immediate access to them," and concluding that the order's validity remained "an issue of concrete significance," where there was "no evidence" that appellant did not still own the confiscated weapons).

by striking the provision that "the sheriff is ordered to seize and dispose of all firearms currently owned or in the possession of [appellant]." Our striking of that language is effective immediately. However, to ensure that the sheriff receives notice, we also direct the trial court to enter an amended firearms order striking the language at issue and "cause a copy of the order to be delivered to the sheriff of the county" in accordance with ORS 426.130(1)(a)(D).

### FAILURE TO GIVE NOTICE UNDER ORS 426.130(4)

Under ORS 426.130(4), when the trial court finds a person to be a person with mental illness and either orders commitment under ORS 426.130(1)(a)(B) or (C) or enters a firearms order under ORS 426.130(1)(a)(D), the trial court "shall notify the person that the person is prohibited from purchasing or possessing a firearm under state and federal law unless the person obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law." Appellant contends that the trial court erred by failing to give him the notice required by ORS 426.130(4). He argues that the court "did not give this statutorily required notification to [him] orally, in writing, or in any manner despite committing [him] as mentally ill."

We agree that the trial court erred in failing to give appellant the statutorily required notice. At the conclusion of the commitment hearing, the court ruled orally that the state had met its burden of proof for a civil commitment based on danger to others but not danger to self or inability to meet basic needs. The court summarized the key evidence and stated that it "will order that [appellant] be committed because there's a reasonable likelihood that he constitutes a danger to others," that "[h]e will be prohibited from purchasing or possessing firearms," and that the commitment will be to OHA for up to 180 days. The court then entered the firearms order under ORS 426.130(1)(a)(D) and the judgment of commitment. However, as the state acknowledges, at no point did the court provide appellant with the specific notice required by ORS 426.130(4).

In the state's view, the notice required by ORS 426.130(4) should have been included in the general judgment

of commitment.[3] Appellant suggested at oral argument that, for practical reasons, it would be better for the trial court to give the notice both orally (at the hearing) and in writing (in the judgment). Although doing both might be a better practice, appellant has not identified anything in the statute that actually requires both oral and written notice, so we hold only that the trial court erred in failing to give the statutorily required notice at all. At a minimum, the notice should have been included in the judgment. We therefore vacate the judgment and remand with instructions to issue a judgment containing the required notice. That is, the court should issue a judgment that includes a notice to appellant that appellant "is prohibited from purchasing or possessing a firearm under state and federal law unless [he] obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law."

In reaching that conclusion, we reject appellant's argument that the commitment itself should be reversed based on the failure to give the notice required by ORS 426.130(4). The error at issue did not occur until after the court made its decision to commit appellant. As such, it did not affect the conduct of the hearing itself, and we are unpersuaded that reversing the commitment is a proper remedy. At the same time, this opinion should serve as a general reminder to trial courts of the notice requirement in ORS 426.130(4). We stress that appellants should be given the statutorily required notice in a timely fashion, at the time of commitment, not after an appeal, particularly given the challenges that may exist in getting an amended judgment to the person after release from OHA custody.[4] Now is the time for

---

[3] The state has not conceded error on this assignment of error but, at oral argument, clarified that it does not dispute that the court failed to give the notice required by ORS 426.130(4). The state instead makes a more technical argument for affirmance that is closely tied to the plain-error-review standard. As explained later, we disagree that plain-error-review applies. We therefore reject the state's arguments tied to that standard.

[4] At oral argument, appellant's counsel suggested that reversing the commitment itself is the only practical remedy for the statutory notice error, given how difficult it can be to locate people after release from a civil commitment, particularly without assistance of counsel. We recognize the practical difficulties that may exist in getting legal notices to people after release from a civil commitment. However, at least at present, we are unpersuaded that such considerations justify overturning the commitment itself.

trial courts to check their civil commitment forms and ensure that they include the notice required by ORS 426.130(4).

Finally, it should be noted that we have addressed this claim of error under our regular standard of review (reviewing for errors of law), not in a plain-error posture. We have an independent obligation to assess preservation, regardless of what position the parties take. *State v. Taylor*, 323 Or App 422, 427 n 3, 523 P3d 696 (2022). Here, the error occurred when the trial court failed to give the required notice in the judgment of commitment. Until the judgment was entered, appellant had no way to know that the court would not be providing the required notice, and, once the judgment was entered, appellant had no meaningful opportunity to object. It is therefore warranted to excuse the preservation requirement in this instance. *Peeples*, 345 Or at 220. Because we are not in a plain-error posture, we need not explain why we would exercise discretion to correct the error and, instead, simply correct it as described.

## PREHEARING NOTICE UNDER ORS 426.100(1)(c)

Appellant's remaining two assignments of error pertain to ORS 426.100(1)(c), which provides that, "[a]t the time the person alleged to have a mental illness is brought before the court, the court shall advise the person of * * * [t]he possible results of the proceedings[.]" Before his commitment hearing, the trial court advised appellant of the possible results of the proceeding as follows:

"At the end of your hearing, I will be doing one of the following: make a finding that you are mentally ill and commit you to the Oregon Health Authority for a period of time not to exceed 180 days; *make a finding that you are mentally ill and order you to participate in outpatient commitment*; make a finding that you are mentally ill and willing and able to participate in treatment on a voluntary basis and order that you be released; make a finding that you are mentally ill and conditionally release you under specific conditions that the Court would explain to you; make a finding that you are not mentally ill as defined in ORS 426.005(1)(e), but nevertheless subject to assisted outpatient treatment for up to one year pursuant to Oregon law. Or I can make a finding that you are not mentally ill and order that you be released.

"If the Court finds that you are mentally ill and makes other findings pursuant to ORS 426.130(b)(D) [(*sic*)], \*\*\* the Court shall order that you be prohibited from purchasing or possessing a firearm."

(Emphasis added.)

Appellant contends that the trial court erred in its notice of possible results in two ways. Because he did not object to either alleged error below, he requests plain-error review. "Generally, an issue not preserved in the trial court will not be considered on appeal." *State v. Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000). However, we have discretion to correct a "plain" error. ORAP 5.45(1). An error is "plain" when it is an error of law, the legal point is obvious and not reasonably in dispute, and the error is apparent on the record without our having to choose among competing inferences. *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013). Whether an error is "plain" is a question of law. *State v. Gornick*, 340 Or 160, 167, 130 P3d 780 (2006). If plain error occurred and was not harmless, then it is a matter of discretion whether we will correct it. *State v. S. J. F.*, 247 Or App 321, 326, 269 P3d 83 (2011).

Appellant first points to the trial court's failure to advise him that a possible result of the proceeding was that, if he was committed, the court could order the sheriff to seize and dispose of any firearms that appellant currently owned or possessed. We have already held that the court lacked authority for such an order. Because such an order was *not* a possible result of the proceeding—that is, legally, it was not a possible result—the trial court cannot be said to have plainly erred in failing to advise appellant that it was. We therefore reject appellant's claim of error under ORS 426.100(1)(c) relating to the seizure and disposal of firearms as a possible result of the proceeding.[5]

---

[5] We express no opinion, more generally, as to whether or to what extent firearms-related consequences of civil commitment qualify as "possible results" of the proceeding for purposes of ORS 426.100(1)(c), such that they must be included in the prehearing advice of rights. That is an open question on which we express no opinion. *See State v. J. R. S.*, 328 Or App 733, 737, 539 P3d 341 (2023) (holding in plain-error posture that it was not "obvious" that an appellant must be advised of the potential for a firearm prohibition as a possible result of the proceeding under ORS 426.100(1)(c)).

Appellant next argues that the trial court plainly erred under ORS 426.100(1)(c) by advising him that one possible result of the proceeding was that the court could "make a finding that you are mentally ill and order you to participate in outpatient commitment." Appellant argues that that is *not* a possible result of a civil commitment hearing under Oregon law, that the court plainly erred in stating that it was, and that appellant's commitment should be reversed. In appellant's view, "adding a not-possible result to the list of possible outcomes" of the proceeding is no different from omitting one of the possible results, and this court has historically reversed commitments on plain-error review where the trial court omitted one or more of the possible results. *See, e.g.*, *State v. J. R. B.*, 290 Or App 858, 859, 418 P3d 38 (2018); *State v. M. M.*, 288 Or App 111, 112, 405 P3d 192 (2017); *State v. M. T.*, 244 Or App 299, 301, 258 P3d 1288 (2011).

"ORS 426.130 establishes that there are five possible results of a civil commitment hearing." *J. R. B.*, 290 Or App at 859. In short, there are three possible results if the person is found to be a person with mental illness—voluntary treatment, conditional release, or commitment to OHA—and two possible results if the person is found not to be a person with mental illness—release or assisted outpatient treatment. *Id.* at 859-60; *see* ORS 426.130 (describing what may be ordered after a commitment hearing). Here, the trial court advised appellant of all five of those possibilities. But it also included a sixth possibility—that the court could "make a finding that you are mentally ill and order you to participate in outpatient commitment." Appellant argues that doing so was plain error and urges us to exercise our discretion to correct the error by reversing his commitment. The state counters that the alleged error does not qualify as "plain" or that, even if it does, we should not exercise our discretion to correct it under the circumstances.

We agree with appellant that the error is plain. ORS 426.130 describes the possible results of a commitment hearing, and the court ordering a person found to be mentally ill to participate in outpatient treatment is not one of them. It is

true, as the state points out, that if the court finds a person to be mentally ill and commits the person to OHA for treatment, then *OHA* has authority to order outpatient treatment while the person is in OHA custody. *See* ORS 426.130 (1)(a)(C) (upon finding that a person is mentally ill and in need of treatment, the court "[m]ay order commitment of the person with mental illness to [OHA] for treatment," in which case the court "shall establish a period of commitment," and "[OHA] may place the committed person in outpatient commitment under ORS 426.127"). But that is not what the trial court said. It was plainly erroneous for the court to advise appellant that *the court* could order appellant to participate in outpatient commitment in the event that it found him to be mentally ill.

We are unpersuaded to exercise our discretion to correct the error, however, because it was not grave, it does not implicate due process in the same way as omitted possibilities, and we do not believe that the ends of justice would be served by reversing the commitment on that basis. *See Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991) (providing nonexclusive list of considerations as to whether to exercise discretion to correct a plain error). The trial court appears to have been trying to refer to a possibility that did exist—that the court could find appellant to be mentally ill and commit him to OHA custody, at which point OHA might order outpatient treatment. The court was not required to provide that level of detail regarding OHA commitment under existing case law, *see J. R. B.*, 290 Or App at 859-60, and, in attempting to do so, slightly misstated what that scenario would look like. But we are unpersuaded that such error is comparable to omitting one or more possible results of the proceeding.

We therefore ultimately reject appellant's assignment of error regarding the statement about outpatient treatment included in the prehearing advice of rights. This opinion will presumably prompt the trial court to correct any forms that it uses for civil commitments so as to avoid making the same plain error in other cases, but we decline to exercise our discretion to reverse the commitment in this case based on that error.

CONCLUSION AND REMAND INSTRUCTIONS

In sum, we conclude that the trial court erred in three regards, and, based on two of those errors, we vacate and remand with the following instructions.

First, the trial court erred by including in the firearms order issued under ORS 426.130(1)(a)(D) an order to the sheriff to seize and dispose of all firearms currently owned or possessed by appellant. We modify the "Order Prohibiting Purchase or Possession of Firearms" entered on August 12, 2025, by striking the words "the sheriff is ordered to seize and dispose of all firearms currently owned or in the possession of [appellant]." That modification is effective immediately. However, to ensure that the sheriff receives notice, we also direct the trial court to enter an amended firearms order that omits the seizure-and-disposal provision and to "cause a copy of the order to be delivered to the sheriff of the county" in accordance with ORS 426.130(1)(a)(D).

Second, the trial court erred in failing to give appellant the notice required by ORS 426.130(4) after it ordered him committed. We vacate the general judgment and remand to the trial court with instructions to enter a judgment that includes a notice to appellant that appellant "is prohibited from purchasing or possessing a firearm under state and federal law unless [he] obtains relief from the prohibition from the Psychiatric Security Review Board under ORS 166.273 or under federal law."

Third, the trial court plainly erred under ORS 426.100(1)(c) when it advised appellant that one possible result of the proceeding was that the court could "make a finding that you are mentally ill and order you to participate in outpatient commitment." Although we decline to exercise our discretion to reverse appellant's commitment on that basis, the statement is plainly erroneous, and we assume that the trial court will take appropriate steps to avoid making the same plain error in other cases.

Vacated and remanded.